# CHARLESTON.

## THOMAS *v.* TOWN OF GRAFTON.

*(HOLT, JUDGE, absent.)

Submitted June 12, 1890.—Decided December 3, 1890.

RESPONDEAT SUPERIOR—EXECUTION—OFFICERS—MUNICIPAL CORPORATIONS.

The mayor of the town of Grafton having imposed fines upon a citizen of the town, execution therefor came into the hands of the town-sergeant, who levied upon the separate property of the offender's wife, and sold the same at a sacrifice. HELD,

    I.   The town could not be held liable for the tortious act of the sergeant, unless it was proven that the town directed, counseled or otherwise participated in the perpetration of the wrong.

    II.  In levying the writ, the sergeant acted not as a municipal, but as a public civil officer, and the doctrine of *respondeat superior* has no application.

    III.  As the net proceeds of the sale of the property improperly seized were paid over to the town, the latter would be liable for such net proceeds in an action for money had and received.

*W. H. Dent,* for plaintiff in error cited, 30 W. Va. 296; Id. 327.

No appearance for defendant in error.

LUCAS, PRESIDENT:

The mayor of the town of Grafton having imposed fines upon one A. Thomas, executions therefor went into the hands of the town-sergeant, who levied them upon certain personalty claimed by Phœbe Thomas as her separate property, and having kept said property for a considerable period sold it at a depreciated value. Phœbe Thomas brought suit against the town before a justice, and, a jury being demanded, they rendered a verdict for two hundred and fifty dollars, and the justice gave judgment accordingly. The town then applied to the Circuit Court of Taylor county for a writ of *certiorari*, which was refused.

---

*Case submitted before Judge Holt's appointment.

The law is well settled, that an action of trover and conversion can be maintained against a sheriff or other officer, who having an execution against A. seizes and converts the property of B. *Wustland* v. *Potterfield,* 9 W. Va. 438. But, in order to make the execution-creditor liable, he must have been present at the levy and seizure, or otherwise have directed, aided, or abetted the same. *Collins* v. *Mann,* 15 W. Va. 171; Cooley, Torts, 458, with notes; Add. Torts, § 712.

In the present case I do not find any sufficient evidence of such direction or connivance on the part of the defendant, the town of Grafton. The only evidence on the subject is the testimony of the town-sergeant as follows : "I was sergeant of the town of Grafton for the year 1882 and had executions against Doc. A. Thomas for fines imposed by the mayor, by virtue of which I levied on the following property, to wit, eleven sacks of flour, one show-case and contents, five part boxes of tobacco, one barrel of cider, one barrel of sugar, one keg of lard, one lot of brooms, twenty seven candy jars, fifty pounds of coffee, all of which Mrs. Thomas, the plaintiff, claimed, but I levied on it as the property of Doc. A. Thomas. I kept the property for a long time in the building of Thomas McGraw, occupied by Phœbe Thomas as a store-house, and for which the town afterwards paid the rent. Some of the town authorities instructed me to sell the property, but I do not remember who, and I sold it and turned the proceeds after deducting costs and expenses over to John W. Deck, mayor of the town."

Cross-examined : "After deducting the costs, I paid John W. Deck from forty five to forty seven dollars. The goods levied on brought from fifty one dollars to fifty two dollars at public auction, after notice of sale. I offered to return the property to Mrs. Thomas before sale, but she would not receive it at that time. Mrs. Thomas had notice of sale."

"Some of the town authorities" is a very vague and loose expression, and can not by any sort of intendment, however liberal, be made to amount to proof that the council of the town, or even its chief executive officer, the mayor, ever directed this seizure or sale. The sergeant being

cross-examined testified that he sold the property seized, and turned over the net proceeds, amounting to forty seven dollars to the mayor. For this amount, in any action, *ex contractu,* for money had and received, there can be no doubt the town would be liable. But this liability would not support the present verdict, which was for two hundred and fifty dollars.

There is another view, which counsel for the defendant in error have advanced, which it is proper to dispose of, and that is, that the illegal seizure by the town-sergeant was an act, for which his superior, the town, itself, was responsible. But it will be observed, that for the purposes of executing writs the sergeant is not, strictly speaking, a "municipal officer," but is acting rather as a civil officer of the state, just as a constable or sheriff. Many officers occupy this double relation. "In this country," says Mr. Dillon, "the officers of municipal corporations are in many respects public officers, being charged by legislative enactment with duties, which concern both the corporation and the public at large." 1 Dill. Mun. Corp. § 237 (1876). The sergeant in serving a summons or levying an execution, which runs in the name of the State, can not be said to be performing any corporate functions, nor to be acting as a servant of the municipal corporation. See article II, § 8, Const. W. Va. The Code recognizes a town-sergeant as a public officer and provides in the chapter on justices and constables, that, "when for any cause it is unfit for an execution or order of sale to be directed to a constable, it may be directed to the sheriff or sergeant of a town or village." Code, c. 50, s. 136. We hold, therefore, that in levying and enforcing this execution the sergeant was acting not as a municipal officer strictly but as a public civil officer, and hence the doctrine of *respondeat superior* has no application. See *Fry* v. *Albemarle Co.* (cited in a note to section 963, Dill. Mun. Corp., Id. 1890) 9 S. E. Rep. 1004.

In accordance with the views, and for the reasons above set out, we think the Circuit Court erred in refusing the writ of *certiorari;* and its judgment in that matter is reversed, and it is ordered that said Circuit Court do issue the writ as prayed for in the petition, and do hear and determine

the matter at its own bar, as provided by chapter 110 of the Code of 1887. The summons in the justice's court having issued "for the recovery of money for the conversion of personal property," should the evidence establish that any of the proceeds of property properly belonging to the plaintiff was received by the defendant, the town of Grafton, its mayor or treasurer, I. see no reason why the Circuit Court should not give judgment for the same in this proceeding, as above indicated. Cause reversed and remanded.

REVERSED. REMANDED.