# CHARLESTON.

## COUNTY COURT *v.* HOLT, JUDGE, AND CLARK.

. Submitted September 10, 1902.    Decided April 16, 1903.

1. JUSTICE—*Jurisdiction.*

A justice of the peace has jurisdiction to entertain an action against a county court for the recovery of money due on contract, when the demand may be sued upon, as provided in section 41, chapter 39, Code. (p. 533).

Appeal from Circuit Court, Taylor County.

Rule in prohibition by county court of Taylor County, against John Homer Holt, Judge, and William Clark. Judgment for defendant, and plaintiff appeals.

*Writ Denied.*

G. H. A. KUNST, for petitioner.

W. R. D. DENT, for respondent.

McWHORTER, PRESIDENT:

This is a rule in prohibition against Honorable John Homer Holt, Judge, and the circuit court of Taylor County, and William Clark against the enforcement of payment of a judgment rendered by said circuit court on appeal from the judgment of a justice, against the county court of said county for $36.00 and costs recovered as the balance of a claim for $72.00 for services rendered under contract with the board of health of said county, one-half of which claim had been allowed and paid by the said county court. It appears from the record that the account was filed in the office of the clerk of said county court and presented for allowance at its July term, 1901, and $36.00

of said amount was allowed and no order made as to the remainder, and that a regular term of said court was held October, 1901, and said court adjourned without allowing or disallowing said balance. After which the claimant brought his action thereon before a justice.

The question presented by the petition in this case is the want of jurisdiction of a justice of the peace to entertain an action upon said claim and insisting that the only remedy the claimant had was by writ of *mandamus* to compel its payment. The defendant, William Clark, filed his answer and demurrer to the rule and praying that the same be dismissed.

By section 1, chapter 39, Code, "The county court of every county shall be a corporation by the name of 'The County Court of ———— County,' by which name it may sue and be sued, plead, and be impleaded, and contract and be contracted with." The Constitution, article 8, section 1, names the justices with those to whom the judicial power of the State is distributed, and section 28, same article, provides: "The civil jurisdiction of the justices of the peace shall extend to actions of *assumpsit,* debt, *detinue,* and *trover,* if the amount claimed, exclusive of interest does not exceed three hundred dollars." This provision is positive and unequivocal and absolutely negatives any authority to the legislature to regulate or restrict such jurisdiction and it means that justices shall have jurisdiction of all actions of the class named against all parties liable to be sued. This is a jurisdiction not liable to be taken from justices by statute or otherwise whilst the Constitution so remains, in all such actions where the amount claimed is within the limit prescribed. The same section contains a provision saying "the legislature *may* give to justices such additional civil jurisdiction and powers within their respective counties as may be deemed expedient under such regulations and restrictions as may be prescribed by general law, except that in suits to recover money or damages, their jurisdiction and powers shall in no case exceed three hundred dollars." Here is power given to the legislature to give additional jurisdiction to justices but none to reduce or restrict that granted by the Constitution. It is cootended that the legislature has power to regulate and restrict the jurisdiction of justices but there is no such provision in the Constitution, not even by implication;

the regulations and restrictions mentioned apply solely to the additional jurisdiction and powers which the legislature may confer on justices. The framers of the Constitution recognizing the fact that as a rule justices are not learned in the law, wisely empowered the legislature to provide for appeals from judgments of justices in such manner as might be prescribed by law, and properly the appeal is made to lie as a matter of right. It is contended that the proceeding by *mandamus* in the circuit court provided for in section 43, chapter 39, Code, is an exclusive proceeding as far as justices are concerned, depriving them of the jurisdiction given them by section 38 of article 8 of the Constitution. As we have seen this cannot be done, but if this construction be correct, it as clearly ousts the circuit court of jurisdiction to try any action of *assumpsit* or debt against the county court and the only proceeding remaining against such county court on any claim or demand whatever, however small it may be, is by writ of *mandamus* under said section 43, chapter 39, and this would force every person who had a claim, if no more than one dollar against the county court to apply to the circuit court for *mandamus* to enforce his claim which would be in very many cases an utter denial of justice. No poor man having a small claim, however just, would be willing to risk so expensive a litigation as he would find that in the circuit court to be, and would probably not be able if willing, such requirements would be unreasonable and oppressive and the legislature never contemplated any such construction of section 43, chapter 39. This section, however, would appear to give jurisdiction to the circuit courts by *mandamus* on any claim against the county court without reference to the amount thereof, which jurisdiction the legislature has the power to confer under the last provision of section 12, article 8 of the Constitution; but in all matters involving, not exceeding three hundred dollars, the justice of the peace has concurrent jurisdiction with the circuit court to try the legal rights of the parties in respect to the demand or claim made against the county court, with right of appeal to the circuit court as in any other case. It is contended that "It is against public policy to permit the county court to be sued up 'Possum Run' and 'Coon Hollow' before justices in the country." I am unable to see the force of this proposition; suit cannot be

prosecuted without service of process giving ample notice to the defendant and if it does not choose to be represented at the hearing it has the right after judgment to take it by appeal to the circuit court where the matter may be heard at the court house where all the records are kept, and the record evidence, if any, is at hand. This court cannot raise the question of public policy, or say that jurisdiction conferred by the Constitution or statutes on any officer or tribunal shall not be exercised because the court may doubt the wisdom thereof, it is enough that it is so, and must be upheld until the power which conferred the jurisdiction shall see fit to change it. Section 8, of chapter 50, Code, provides that "The jurisdiction of justices within their several districts and counties shall extend to all civil actions for the recovery of money or the possession of property including action in which damages are claimed as compensation for an injury or wrong: provided the amount of money or damages or the value of the property claimed does not exceed three hundred dollars, exclusive of interest and costs; subject nevertheless to the exceptions hereinafter contained." The statute then proceeds to name the exceptions, and actions against the county court upon contract are not included in any of the exceptions. Said section 8, is as broad as the Constitution in that regard, extending "To all civil actions for the recovery of money," subject only to the limitations and exceptions expressed.

As to whether the proceedings by *mandamus* is exclusive of all other forms of action on such claims and demands as applied to the circuit courts is immaterial, since under the rulings of this Court such pleadings and proceedings may be had therein "as in ordinary common law suits, till an issue of law or fact is reached and tried."

*Fisher* v. *Charleston,* 17 W. Va. 595. Contracts made by the county court are clearly placed upon the same footing as contracts of other corporations or individuals, except when prosecuted in the circuit court it may be by *mandamus.*

The justice had jurisdiction and the writ must be denied.

*Writ Denied...*

Brannon, Judge, (*dissenting*) :

I am not ready to say that a county can be sued and com-

pelled to attend every justice on its contracts. A county court is part of the State government. The State can allow itself or a county to be sued, if at all, only in the manner and form and in the court it chooses. The Code, chapter 39, section 43, exempts county property from execution, and provides the writ of *mandamus* to compel it to pay a debt. It has given that remedy. I contend that such is the only remedy, for reasons given in *Ratliff* v. *County Court,* 33 W. Va. 94; *Canby* v. *Board,* 19 *Id.* 93; *Johnson* v. *Alderson,* 33 *Id.* 473; *Thomas* v. *Town,* 39 *Id.* 526.

The Constitutional provisions as to jurisdiction of justices cited by Judge McWhorter, are simply the general scheme or plan or outline of jurisdiction, and do not take away the well known power of the legislature to prescribe particular remedies for particular grievances, or prescribe tribunals in which they shall be prosecuted. The fact that "judgment" is mentioned in said statute does not import that there may be suit in a justice's court or elsewhere on a contract. Ordinary action to get a judgment may be brought against a county for unliquidated damages, as in tort; but not on contract. That must be by *mandamus.*