TITLE INSURANCE COMPANY OF RICHMOND *v.* JOHN ELI CARVER
*et al.*

(No. 7164)

Submitted November 1, 1932.   Decided November 15, 1932.

*C. C. Douthitt* and *John W. Hereford,* for appellant.

*G. C. Withrow* and *Grattan M. Daugherty,* for appellee
J. F. Burgess.

HATCHER, PRESIDENT:

This is an appeal from the dismissal of a bill upon motion
of a stranger.

Process on the bill was issued August 5, 1929, returnable
at rules to be held the first Monday in September, 1929, which
rules commenced on September 2nd.   The process was executed
on August 7th, but when it was returned to the clerk's office
does not appear.   The bill was filed on December 4th, at
December Rules, 1929, and decree *nisi* endorsed by the clerk.
At January Rules, 1930, the clerk set the cause for hearing.

In June, 1931, J. F. Burgess, who was not a party, ap-
peared and represented to the court that he had purchased
the property involved in this proceeding in a suit by different
plaintiffs against the same defendant and others, and upon
the motion of Burgess, the court dismissed the bill, on the
ground that it was not filed within the time prescribed by
statute.

Code 1923, chapter 125, section 7, provides: "If three months elapse after the process is returned executed as to any one or more of the defendants, without the declaration or bill being filed, the clerk shall enter the suit dismissed, although none of the defendants may have appeared."

Rules for September, 1929, extended to and included September 4th. As rules are regarded as one day, a return of the process to the clerk on September 4th, would have been valid. If the process was returned on September 4th, the filing of the bill on December 4th, was within three months and was permissible. Since the filing of the bill would have been regular under that hypothesis, we assume that the return of the process was made on September 4th, because the clerk filed the bill on December 4th, and thereafter treated it as regularly filed. A presumption is indulged in favor of duty properly performed by a public officer. "Nothing appearing to the contrary we have the right to presume an official properly performs the duties required of him by statute." *Wilson* v. *Fleming*, 89 W. Va. 553, 109 S. E. 810.

The cases cited by counsel for Burgess permitted a purchaser to appear in the very suit in which the property was sold. Those cases do not authorize a motion by such purchaser as a matter of right in another and different suit, even though it related to the same subject matter. The decree of dismissal refers to a paper writing presented by Burgess. But there is no intimation that the writing partakes of the nature of a pleading, or that process was issued or accepted on it. The practice is established that motions such as the one in question are limited to parties of record. 2 Hogg's Eq. Pro., Carlin's Ed., 1100, and cases cited.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*