EARL CRAWFORD, *et al.*

*v.*

FRANK L. TAYLOR, *Judge, et al.*

(No. 10554)

Submitted February 17, 1953.  Decided March 31, 1953.

LOVINS and RILEY, JUDGES, dissenting.

*James E. Maroney,* for petitioners.

*Stanley E. Preiser* and *John G. Hackney,* for defendants.

BROWNING, JUDGE:

Earl Crawford and Virgie Crawford petitioned this Court for a writ of prohibition inhibiting the respondents, L. H. Bryant, d.b.a. Bryants I.G.A. Grocery Store, Frank L. Durrett, Justice of the Peace and Frank L. Taylor, Judge of the Circuit Court of Kanawha County, from proceeding further in a pending chancery suit, the purpose of which is to subject the petitioners' real estate to sale to satisfy certain judgments.

The petition, in brief, avers that the petitioners were indebted to the respondent, L. H. Bryant, in the amount

of $543.64 for groceries purchased on a running account; that Bryant instituted two actions before respondent Durrett, Justice of the Peace, one for the recovery of $299.92, the other for the recovery of $242.42, and that judgments were obtained in his favor for the amounts sued for, plus interest and costs; and that Bryant has instituted a suit in chancery in the Circuit Court of Kanawha County to subject real estate of the petitioners to a sale for the satisfaction of these two judgments.

A rule to show cause why the writ should not be awarded was issued by this Court on February 2, 1953, returnable February 17, 1953, at which time the respondents appeared and demurred to the petition on the grounds:. (1) That the petition shows on its face that the Circuit Court of Kanawha County has jurisdiction to determine the validity of the judgments rendered against the petitioners, and that in such case a writ of prohibition will not lie; and (2) that the petition is defective in that it no where alleges that the Circuit Court of Kanawha County is exceeding its legitimate powers. The respondent, Frank L. Taylor, Judge of the Circuit Court of Kanawha County, filed his separate return and answer setting forth that he knows nothing of the facts in the matter or of the two judgments referred to in the petition.

Code, 53-1-1, relating to the writ of prohibition, and upon which the instant petition is based, reads as follaws: "The writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers."

The petitioners contend that the respondents, having admitted by their demurrer to the petition that the judgments rendered by one of the respondents, Justice of the Peace Durrett, were obtained by a splitting of the cause of action by the respondent Bryant, that such judgments

were void, and, therefore, the Judge of the Circuit Court of Kanawha County should be prohibited from proceeding further in a chancery cause based upon those judgments to subject the real estate of the petitioners to sale. This Court held in *State* v. *Casto*, 136 W. Va. 797, 68 S. E. 2d. 673, quoting from *Mitchell* v. *Davis*, 73 W. Va. 352, 80 S. E. 491, that: "In a civil action before a justice the amount named in the summons determines jurisdiction. If plaintiff's claim exceeds three hundred dollars, he may release all above that sum and sue for the remainder, but he can not divide his claim and bring separate suits."

The demurrer of the respondents to the petition of the relators admits that the judgments upon which this chancery suit is based were obtained by the splitting of a cause of action before the justice of the peace directly contrary to the holding in the *Casto* case. However, any admissions by demurrer which the respondents have made are for the purpose of this action only, and they are not thereby bound in any other proceeding. They admit the contents of the petition solely upon the issue of whether the writ of prohibition should issue in this cause and for no other purpose. If this were a proceeding by the relators to prohibit the justice of the peace from satisfying the judgments rendered by him by execution, there is no doubt that the admission by the respondents by way of demurrer would bring the case squarely within the prohibitions of *State* v. *Casto, supra*. The relief they seek, however, is to restrain the Judge of the Circuit Court of Kanawha County from proceeding in a chancery cause in that court based upon the allegedly void judgments. It would appear from this record that the chancery suit is at rules, nothing having occurred in it except the filing of the bill by Bryant. This question was squarely before this Court in *Sperry* v. *Sanders*, 50 W. Va. 70, 40 S. E. 327, and it was held in that case that: "In a chancery suit brought to enforce the lien of a judgment upon real estate, a circuit court has jurisdiction to determine whether or not such judg-

ment is valid, although it may be void upon its face, and the writ of prohibition does not lie to restrain the judge of such court from proceeding in such cause." In that case, the petitioner sought to restrain the judge of a circuit court from further proceeding in a chancery cause to enforce the alleged lien of a judgment alleged to be void against the real estate of the petitioner, and to have the same sold for the purpose of paying off and satisfying the judgment, that judgment having been entered by the same court, although on the law side thereof. This Court, continuing in *Sperry* v. *Sanders, supra,* said: " * * * The court has power and jurisdiction to hear and determine all cases of that class. It may consider whether the judgment is valid and determine that question in this case as well as in any other. Having the right to consider that question and to hear and determine it, its jurisdiction of the cause is complete and prohibition does not lie to prevent it from so proceeding even if it should err in the determination of the question to the extent of holding a judgment good and valid which is clearly void upon its face. Such error would not amount to an act in excess of the court's legitimate powers nor to an abuse of its jurisdiction. Should the court decide the question wrong, the defendant's remedy, if any, would be by appeal, as in any other chancery cause in which the court has jurisdiction and an erroneous decree is entered. Prohibition does not lie for the correction of errors and it cannot take the place of any of the ordinary proceedings for the correction of errors. * * * "

In the instant case, as in the *Sperry* case, the petitioners seek to restrain the further prosecution of a suit in chancery, brought to enforce the alleged lien of a judgment, which is separate and distinct from the action at law in the justice of the peace court in which it is claimed that the justice acted in excess of his legitimate powers. In *Dankmer* v. *Fuel Co.,* 121 W. Va. 752, (1939), 6 S. E. 2d. 771, this Court said: "But the question remains as to whether or not, even if the court was without power to enter the decree of November 12, 1937,

its enforcement in another and different suit can be prohibited by writ of prohibition. If an effort were being made to enforce said decree in the suit in which it was entered, then we would say prohibition would clearly be an available remedy; but we hesitate to extend the rule to control the action of a court in an independent suit wherein, if the judgment under attack be presented, the defense of lack of jurisdiction of the court to enter it may be asserted. * * * "

While it may be contended, with some degree of accuracy, that this Court has, by its decisions, extended the scope of prohibition, we are unable to find a case which permits the invoking of this proceeding where the trial court has jurisdiction of both the subject matter of the litigation and of the parties thereto. It is true that in the earlier cases, the Court adopted the rule that a challenge to the jurisdiction should be made in the trial court as a condition precedent to the right to apply to this Court for a writ of prohibition. *Board of Education* v. *Holt*, 51 W. Va. 435, 41 S. E. 337, and many other cases so hold. The Court stated in *Morris* v. *Calhoun*, 119 W. Va. 603, 195 S. E. 341, however, that the rule was never an inflexible or arbitrary one, but more one of judicial courtesy to the court sought to be prohibited, and had been abandoned. The Court awarded a writ in the *Morris* case for the reason that the lower court did not have jurisdiction inasmuch as the defendant in the court below had been served with civil process in a county other than that of his residence, while appearing pursuant to a criminal charge of reckless driving resulting from an automobile accident.

In *Wolfe* v. *Shaw*, 113 W. Va. 735, 169 S. E. 325, a case which since has been cited as extending the scope of prohibition, the writ was awarded upon the basis of the establishment, by the taking of evidence upon a plea in abatement, that the defendant in the lower court had been joined as a party defendant, and served with process in a county other than that of his residence as a part

of a fraudulent scheme to obtain jurisdiction of his person. The Court, noting in its opinion in the *Wolfe* case that the defendant had preserved his right to raise the question on writ of error, should an adverse judgment be entered against him, nevertheless, granted it by saying: "* * * A trial as to Wolfe would be futile, because any judgment rendered against him would ultimately have to fall if challenged on a writ of error." The basis of the action again was the lack of jurisdiction of the trial court. In *Lake O'Woods* v. *Wilhelm,* 126 W. Va. 447, 457, 28 S. E. (2d) 915, this language was used in the opinion, citing *Wolfe* v. *Shaw, supra:* "* * * While the writ of prohibition is purely jurisdictional, and cannot be used to correct errors which may be reached through writ of error or by appeal, nevertheless, where, because of want of jurisdiction, it clearly appears that a valid judgment or decree cannot be rendered in a case, prohibition may issue though a writ of error or appeal to the final judgment or decree, or other remedies, may be available.* * * " The Court, in that case, made this further statement: "* * * Where lack of jurisdiction is clear, and it is apparent that no legal judgment or decree can be entered in a case, the writ of prohibition is available regardless of other remedies.* * * " We believe that the Court was referring to the question of whether prohibition would lie in cases where other types of relief, i.e., appeal, writ of error or *certiorari* were also available when it said in the *Wilhelm* case: "* * * It may be that the Court has not been entirely consistent, for, on the one hand we have recognized the writ as one of right in a proper case; while on the other hand we have sought to discourage the use of the writ in cases where the same relief could be obtained by ordinary proceedings in pending suits. * * * "

We have perhaps unnecessarily reviewed some of the cases upon this subject, inasmuch as it is apparent from the record that the Circuit Court of Kanawha County has jurisdiction of the parties to the chancery suit as well as the subject matter, the land sought to be sold

lying in Kanawha County. The Circuit Court of Kana-
wha County is a proper court for the institution of suits
in chancery to subject real estate to sale for the satis-
faction of judgments. It is presumed that a public offi-
cial will do his duty, and the Judge of the Circuit Court
of Kanawha County being such an official, it may be
assumed that he will render a proper decree in this case
when the matter is properly presented to him. However,
if either of the parties to that proceeding are aggrieved
by his decision, there will be available to them the reme-
dies that are available to all litigants in the courts of
this State.

This Court reaffirmed a position from which we believe
it has never departed, and is well exemplified in *Sperry*
v. *Sanders, supra,* when it said in the case of *State* v.
*Easley,* 129 W. Va. 410, 40 S. E. 2d. 827, that: "The writ
of prohibition will not issue from this court to a trial
court to inhibit further proceedings in a civil action
pending in such court upon a mere showing that error
has been committed by the refusal of that court to receive
and enter a verdict of not guilty in favor of the defend-
ant in such action, when it does not appear that the court
is without jurisdiction of the proceeding, or has ex-
ceeded, or is about to exceed, its legitimate powers." The
commission of error, mild or palpable, by a trial court
does not warrant the issuance of a writ of prohibition
if that court has jurisdiction and has not exceeded its
legitimate powers.

As heretofore stated, a chancery cause lies at rules
without having been attacked by answer or plea by the
defendants therein, a course by which they may sustain
their contention, if correct, that the suit is based upon
void judgments, and until the judge of that court has had
an opportunity to pass upon such defense, it is difficult
to see how he could have exceeded or be about to exceed
his legitimate powers. The judge of that court in an-
swering the rule says that he knows nothing about the
two judgments referred to, has heard no matters con-

cerning such judgments, or concerning the suit brought to enforce them. In *White Sulphur Springs, Inc.* v. *Ripley, et al.,* 124 W. Va. 486, 20 S. E. 2d. 794, and *Cosner* v. *See,* 129 W. Va. 722, 42 S. E. 2d. 31, it was clearly shown by the record that the trial courts, though having jurisdiction, had exceeded their legitimate powers. The decisions of those cases have no applicability to the issues involved in this proceeding.

This Court has neither the authority nor the desire to invade the province of a trial court to prohibit the further prosecution of a proceeding pending therein, where the lower court has jurisdiction, and has not exceeded its legitimate powers; to do so would constitute the usurpation and abuse of power that is forbidden to trial courts by Code, 53-1-1.

The writ of prohibition prayed for in the petition herein is refused, and the rule heretofore awarded is discharged.

*Writ refused.*

LOVINS, JUDGE, dissenting:

I think the record in this proceeding justifies the issuance of a writ of prohibition, and therefore, I respectfully dissent.

It is admitted by the demurrer of the respondent Bryant, the justice and the Judge of the Circuit Court of Kanawha County, that the judgments obtained by Bryant were rendered on a cause of action which had been split and two actions brought before the justice on a single debt. In such situation, the justice had no jurisdiction to render judgments in either of such actions and the judgments so rendered are void. *State* v. *Casto,* 136 W. Va. 797, 68 S. E. 2d 673, 677. The instant proceeding is distinguishable from *Sperry* v. *Sanders,* 50 W. Va. 70, 40 S. E. 327, where the validity of the judgment was in question.

The judgments rendered by the justice, which are the

basis of the suit to sell the land of the Crawfords, being void, no execution could issue thereon. " * * * a void judgment is in reality no judgment at all. It is a mere nullity". Black on Judgments, Second Edition, Section 170.

As a prerequisite to the issuance of a valid execution, there must be a valid judgment. *Farmers Bank* v. *Montgomery*, 11 W. Va. 169; *Louther* v. *Davis*, 33 W. Va. 132, 10 S. E. 20. See *Blair* v. *Henderson*, 49 W. Va. 282, 38 S. E. 552; *Maxwell, Adm'r.* v. *Leeson*, 50 W. Va. 361, 40 S. E. 420; *Shackelford* v. *Apperson*, VI Gratt., 451; *Evans, trustee* v. *Greenhow & als.*, XV, Gratt.

The general rule as stated in I Freeman on Executions, Third Edition, Page 282, et. seq. reads as follows: "An execution * * * upon a void judgment * * * would undoubtedly be void." Another statement of the principle reads as follows: "The general rule is that an execution may not issue upon a void judgment; an execution so issued is itself absolutely void,." 21 Am. Jur. Executions, §23.

Formerly there were two methods by which a judgment could be enforced against land: By the writ of *elegit* and a suit in equity. The writ of *elegit* has been abolished. Code, 1868, Chapter 140, §2; Code, 1931, 56-3-2. *Maxwell, Adm'r.* v. *Leeson, supra,* at page 368; *Early* v. *Fogle & Co.*, 125 W. Va. 466, 24 S. E. 2d 899. All of the authorities in this jurisdiction indicate that since the abolition of the writ of *elegit*, there is only one way to subject land to the satisfaction of a judgment: By a lien creditor's suit.

*"In order to give a circuit court jurisdiction* to entertain a judgment lien creditors' suit to subject the real estate of the judgment debtor to the lien of the judgment, it must appear that an execution was first issued directed to the sheriff of the county wherein the judgment debtor resides, if a resident of this state, and that such execution was returned 'no property found'." [em-

phasis supplied]. *Lewis* v. *Fisher,* 114 W. Va. 151, 171 S. E. 106. The *Fisher* case has not been modified or overruled, and is followed in the cases of *Robertson* v. *Campbell,* 117 W. Va. 576, 580, 186 S. E. 310; *Price* v. *Price,* 122 W. Va. 122, 127, 7 S. E. 2d 510; *Cooper* v. *Mullenax,* 126 W. Va. 256, 258, 28 S. E. 2d 426. The law, as laid down in the case of *Lewis* v. *Fisher, supra,* is now in effect in this jurisdiction. Before a court can take jurisdiction of a suit in equity to enforce the lien of a judgment against land, it is a jurisdictional requirement that a valid execution must have been issued and returned "no property found".

It clearly appears in this proceeding that two void judgments were rendered by the justice, and though it is not alleged or shown in the record that any executions have been issued on those two judgments, that omission is not material, since it matters not whether they have or have not been issued, any execution, if issued on those void judgments, would likewise be void. That state of facts prevents the jurisdiction of the Circuit Court of Kanawha County from attaching in the suit to sell the Crawfords' land. If that court should entertain the judgment lien creditor's suit in this instance, the court would be acting without jurisdiction, no valid execution on the judgments having been issued. *Lewis* v. *Fisher, supra.*

The Circuit Court of Kanawha County, being without jurisdiction to entertain, hear and determine the lien creditor's suit, a writ of prohibition should issue, even though there is a remedy by appeal.

The genesis of the principle just stated will be found in *Coal Corp.* v. *Herndon,* 101 W. Va. 445, 449, 132 S. E. 879, where it is said, "The other points are to the effect that petitioner coal corporation has other adequate and complete remedies by way of appeal, or, not being a party, could obtain relief by bill of review. The answer to this is that prohibition is a writ of right made so by the statute * * * and petitioner may elect to pursue it rather than to proceed by some other method. It is a

quick, inexpensive and adequate method of stopping litigation where there is no jurisdiction. Why wait the tedious length of chancery litigation to ascertain if the very foundation of the case, jurisdiction, is wanting?". To the same general effect are the holdings of this court in *Wolfe* v. *Shaw, Judge,* 133 W. Va. 735, 738, 169 S. E. 325; *Morris* v. *Calhoun,* 119 W. Va. 603, 195 S. E. 341; *White Sulphur Springs* v. *Ripley,* 124 W. Va. 486, 491, et. seq. 20 S. E. 2d 794; *Barnes* v. *Warth,* 124 W. Va. 773, 775, 22 S. E. 2d 547. See *State* v. *Easley,* 129 W. Va. 410, 414, 40 S. E. 2d 827; *Cosner* v. *See,* 129 W. Va. 722, 748, 42 S. E. 31; *Staley* v. *Hereford,* 131 W. Va. 84, 45 S. E. 2d 738; *Fisher* v. *Bouchelle,* 134 W. Va. 333, 337, 61 S. E. 2d 305.

Furthermore, it may be well to observe that the fact that the circuit court has jurisdiction of proper judgment lien suits, which is not the case in this proceeding, and that the lack of jurisdiction may be urged on an appeal does not prevent or preclude the award of a writ of prohibition.

It is also to be further observed that the case of *Sperry* v. *Sanders* was decided November 6, 1901, more than fifty years ago, while practically all of the cases cited, with reference to the question whether a writ should be denied because of the existence of a remedy by appeal or writ of error, have all been decided since that time, and stand for the proposition that the existence of a remedy by appeal or writ of error does not preclude the award of a writ of prohibition where the basis for such extraordinary remedy exists.

In conclusion, I think that the present lien creditor's suit pending in the Circuit Court of Kanawha County may be likened to a house without foundation, as the following summary will disclose:

1. There is no method of enforcing a lien of a judgment against land, except by a lien creditor's suit.

2. The issuance of a valid execution is necessary to

218

confer jurisdiction on a Circuit Court of a suit to sub-ject land to the satisfaction of a judgment, and in addition to the issuance of such execution, there must be a return thereof of "no property found".

3. The executions, if any have been issued on the judgments pronounced by the justice, are void, lacking as they do, valid judgments to support them.

For the reasons set forth, I would award a writ of prohibition in this proceeding.

I am authorized to say that Judge Riley concurs in this dissent.