**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**STATE OF WEST VIRGINIA ex rel.**
**POTOMAC TRUCKING AND EXCAVATING, INC.,**
**Petitioner**

**FILED**
**October 6, 2016**
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0183** (Grant County Civil Action No. 14-C-62)

**THE HONORABLE JAMES W. COURRIER, JR.,**
**Judge of the Circuit Court of Grant County, West Virginia**
**and SHIRLEY BERGDOLL,**
**on behalf of Joshua Bergdoll,**
**a protected person,**
**Respondents**

**MEMORANDUM DECISION**

Petitioner Potomac Trucking and Excavating, Inc. ("Potomac Trucking"), by counsel Trevor K. Taylor and Tiffany A. Cropp, petitions this Court to invoke its original jurisdiction pursuant to Rule 16 of the West Virginia Rules of Appellate Procedure. Respondents are the Honorable James W. Courrier, Jr., Judge of the Circuit Court of Grant County ("the circuit court"), and Shirley Bergdoll,[1] the plaintiff below, who is represented by counsel, Dino S. Colombo and Travis T. Mohler. Petitioner seeks to prohibit the circuit court from enforcing an order granting a motion to compel Potomac Trucking to produce a 2003 Peterbilt semi-truck and trailer ("truck and trailer") for inspection and other testing at the location at the home of Potomac Trucking's employee and truck driver, which is where the subject truck was routinely parked by the employee. The circuit court further ordered that Ms. Bergdoll's expert was allowed "to be inside the subject truck at various spots on the driveway [while Potomac Trucking's employee operates the truck and trailer] to determine sight lines and to determine what could and could not be seen by . . . [Potomac Trucking's] employee while backing the truck out of the driveway." Having thoroughly reviewed the appendix record, the

---

[1]Joshua David Bergdoll was the original plaintiff in the case. Ms. Bergdoll was substituted as plaintiff in the case by an agreed order entered on April 10, 2015, following the death of Mr. Bergdoll due to causes unrelated to the accident.

1

parties' briefs and oral arguments, the applicable law and all other matters before the Court, we conclude that Potomac Trucking is entitled to relief and grant the writ of prohibition as moulded. As this case presents no new or substantial question of law, its proper disposition is by memorandum decision as contemplated by Rule 21 of the West Virginia Rules of Appellate Procedure.

On March 7, 2014, Douglas Wratchford, a Potomac Trucking employee, was backing a truck and trailer owned by Potomac Trucking out his residential driveway onto Route 28/55 near Petersburg, West Virginia, when the truck and trailer collided with a vehicle driven by Mr. Bergdoll.[2] The accident occurred at approximately 5:45 a.m. A complaint against Potomac Trucking[3] was filed as a result of the accident wherein Ms. Bergdoll alleged causes of action against Potomac Trucking for vicarious liability, "negligent and wreckless [sic] conduct[,]" and negligent entrustment.

According to the allegations in the complaint, Mr. Wratchford parked and/or stored the truck and trailer at his personal residence "where there was no safe method for the truck and trailer to enter or exit this location." Thus, Ms. Bergdoll alleged that "oncoming traffic had no warning that Mr. Wratchford would be backing the . . . truck and trailer into active lanes of traffic o[n] Rt. 28/55." Ms. Bergdoll also alleged that Mr. Bergdoll "was lawfully operating his vehicle in the westbound lane of Rt. 28/55 and clearly had the right-of-way[]" when "Mr. Wratchford improperly and negligently backed . . . [the] truck and trailer into the immediate path of Joshua Bergdoll's . . . [vehicle], causing a collision."

Pursuant to West Virginia Rule of Civil Procedure 34 (also referred to as "Rule 34"), Ms. Bergdoll served "Plaintiff's Request for Production of Documents and Other Tangible Things and Entry Upon Land for Inspection" (hereinafter "request for production") upon Potomac Trucking. Ms. Bergdoll requested, in relevant part:

[2]Mr. Wratchford was not named as a defendant in the original complaint. Ms. Bergdoll filed a motion for leave to file her first amended complaint to add Mr. Wratchford, individually, as a defendant. No order granting that motion has been entered by the circuit court.

[3]Ms. Bergdoll also alleged a negligence cause of action against a second defendant, Anna Turpin. Following the collision, Mr. Wratchford reportedly exited the truck and trailer and attempted to warn and flag vehicles approaching the scene. Ms. Turpin, who was also traveling on Route 28/55, failed to adhere to the warnings being conveyed by Mr. Wratchford and struck the rear of Mr. Bergdoll's vehicle. Ms. Bergdoll settled with Ms. Turpin and Ms. Turpin was dismissed from this action.

1.   That Defendant Potomac Trucking and Excavating, Inc. produce and permit the plaintiff [Ms. Bergdoll] to inspect and/or test the following tangible things:

   a.   The 2003 Peterbilt Truck Tractor which was involved in the March 7, 2014[,] collision . . . ;
   b.   The trailer which was involved in the March 7, 2014[,] collision . . . .

   Such inspection is to take place at 3112 North Fork Highway, Petersburg, WV 26847 at a time and date that is mutually convenient to all parties involved, but not later than 30 days after the Service of this Request.

2.   That the plaintiff be permitted to enter the property located at 3112 North Fork Highway, Petersburg, WV 26847 where the above-described tractor and trailer were parked on March 7, 2014[,] and to inspect, measure, survey, and photograph such land at the same time and date upon which the inspection described in Request 1 is conducted. This inspection of property is specifically limited to the portions of the property on which the tractor-trailer were parked, the driveway, and any portions of the property on which the tractor-trailer may have been able to drive and or turn around. This inspection does not include or request access or entry to any dwelling or other building on the property.

Potomac Trucking filed objections to the request for production. According to various letters contained within the appendix record, the parties attempted to resolve Potomac Trucking's objections which, in relevant part, were grounded in producing the truck and trailer at Mr. Wratchford's residence as he was not a party to the suit and his property was beyond the control of Potomac Trucking. Thus, Potomac Trucking indicated that it would only make the truck available for inspection at its facility as it was Potomac Trucking's position that Rule 34 did not require that the truck and trailer be taken to Mr. Wratchford's personal residence for the inspection to be performed. Conversely, Ms. Bergdoll's position was that her request that the truck and trailer be produced at Mr. Wratchford's residence was reasonable. Ms. Bergdoll's attorney also informed Potomac Trucking's counsel she was

"willing to pay" for the cost of the fuel and related expenses in getting the truck and trailer to the Wratchford residence and that she would "take care of traffic control with the local authorities."

Because the parties reached an impasse on the issue of where the production of the truck and trailer was to occur for the inspection to take place, Ms. Bergdoll filed a motion to compel on December 7, 2015. In the motion to compel, Ms. Bergdoll sought to have Potomac Trucking "produce the relevant truck and trailer for inspection and other testing at the location where the truck was routinely parked by its employee, Douglas Wratchford. . . ." Ms. Bergdoll stated in the memorandum in support of her motion that the purpose of the inspection was "'to evaluate what could or could not be seen by either Mr. Wratchford or Mr. Bergdoll as the truck and trailer were being backed out of Mr. Wratchford's property.'"

Potomac Trucking responded to the motion by arguing that Ms. Bergdoll failed to designate a reasonable place for the inspection to take place under Rule 34. According to Potomac Trucking "[e]ssentially, the purpose of Plaintiff's requested inspection at the designated location, Douglas Wratchford's property, is to have Potomac Trucking . . . perform an accident recreation for and on behalf of her and her expert." Potomac Trucking continued:

> Nothing in the West Virginia Rules of Civil Procedure imposes an obligation upon a party to litigation to perform for or be a party to an accident recreation that the other party wishes to perform. Likewise, the Rules do not mandate an accident vehicle be produced at the location of the accident so the accident scene can be inspected and/or the accident recreated. If Plaintiff wishes to conduct an accident recreation, she may do so. However, she can neither compel Potomac Trucking . . . to conduct it for her, nor can she compel Potomac Trucking . . . to provide any equipment it owns and/or possesses to use in the recreation. Indeed, Plaintiff's request fails to take into account the burden or the liability imposed upon Potomac Trucking . . . by this request. . . .

After a hearing[4] on the motion to compel, the circuit court, by order entered February 1, 2016, granted Ms. Bergdoll's motion to compel. In the order, the circuit court noted that Potomac Trucking had agreed to allow Ms. Bergdoll to inspect the truck and tractor and had

---

[4]There is no transcript from the January 11, 2016, hearing in the appendix record.

4

agreed to allow the inspection of its employee's property. The court found the only issue before it was

> whether the Plaintiff is entitled to inspect the subject truck and trailer at Mr. Wratchford's property where the truck was routinely parked and stored and where the accident occurred and, if so, is it a "reasonable . . . manner of making the inspection and performing the related acts" to allow the plaintiff's expert to be inside the subject truck at various spots on the driveway, while the Defendant's employee operates the tractor, to determine sight lines and to determine what could and could not be seen by Defendant's employee while backing the truck out of the driveway.

The circuit court then determined that the location specified by Ms. Bergdoll for the inspection of the truck was reasonable because it was where the collision occurred, it was where the Potomac Trucking routinely parked the truck and it was only three-and-one-half miles from Potomac Trucking's office. Further, the circuit court found that Ms. Bergdoll had "agreed to pay the cost of fuel and other related expenses associated with the transportation of the vehicle to Mr. Wratchford's property and arrange for traffic control with the local authorities." The circuit court also found that "it is the opinion of this Court that the plaintiff's inspection of Defendant's truck and trailer at the Defendant's employee's driveway and having the truck and trailer backed out of the driveway to determine the driver's line of sight is within the scope of Rule 34 of the West Virginia Rules of Civil Procedure." Based upon the circuit court's findings, it ordered Potomac Trucking to produce the subject truck and trailer at the accident location and have its employee operate the truck for an accident recreation, with Ms. Bergdoll's expert inside the truck

> at various spots on the driveway to determine sight lines and to determine what could and could not be seen by Defendant's employee while backing the truck out of the driveway. The Court does not place a limit on the number of times the subject truck can be backed out of the driveway; however, the Court emphasizes that the parties should act reasonably. . . .

We have previously held:

> "'Prohibition lies only to restrain inferior courts from proceedings in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate

5

powers, and may not be used as a substitute for [a petition for appeal] or certiorari.' Syl. Pt. 1, *Crawford v. Taylor*, 138 W. Va. 207, 75 S.E.2d 370 (1953)."

Syl. Pt. 3, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996). Further,

> [i]n determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

*Id.* at 14-15, 483 S.E.2d at 14-15, Syl. Pt. 4. Lastly, "'[a] writ of prohibition is available to correct a clear legal error resulting from a trial court's substantial abuse of its discretion in regard to discovery orders.' Syllabus Point 1, *State Farm [Mut. Auto. Ins. Co.] v. Stephens*, 188 W. Va. 622, 425 S.E.2d 577 (1992)." Syl. Pt. 2, *State ex rel. Med. Assurance of W. Va., Inc. v. Recht*, 213 W. Va. 457, 583 S.E.2d 80 (2003). It is with the foregoing standards in mind that we undertake an examination of the issue before us.

The issue is whether the circuit court erred when it ordered Potomac Trucking not only to produce its truck and trailer for inspection at the scene of the accident, but also to supply a driver who was required to move the truck and trailer at the direction of Ms. Bergdoll or her expert at the inspection location. Potomac Trucking argues in this case the inspection ordered by the court pursuant to Rule 34 is not reasonable because it involves Potomac Trucking having to take part in a recreation of the subject accident using its truck and its employee "at the direction of and for the benefit of" Ms. Bergdoll.

6

Conversely, Ms. Bergdoll argues that the circuit court did not err in its determination that it was reasonable under West Virginia Rule of Civil Procedure 34 to allow the inspection of the truck to take place where Potomac Trucking's employee routinely parked the truck for eight years. Further, Ms. Bergdoll maintains that she is not asking for a recreation: "she is simply asking the Petitioner to move the truck to different locations on the driveway to determine what can, or cannot, be seen from the vantage point of the truck driver."[5]

West Virginia Rule of Civil Procedure 34 provides:

> (a) Scope. *Any party may serve on any other party a request* (1) to produce and permit the party making the request, or someone acting on the requestor's behalf, to inspect and copy, any designated documents (including writings, drawings, graphs, charts, photographs, phono-records, and other data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form), or *to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).*

(emphasis added). Further, Rule 34(b) provides that any "request shall specify a *reasonable* time, place, and manner of making the inspection and performing the related acts." (emphasis added).

---

[5]Ms. Bergdoll also argues that because the order concerns discovery, it is not appealable until the litigation has ended and it is not subject to a writ of prohibition unless it involves "the probable invasion of the attorney-client privilege or work-product immunity." As set forth *supra*, where a circuit court commits a substantial abuse of discretion in ruling on a discovery matter, a party may seek a writ of prohibition to correct any legal error. *See Med. Assurance of W. Va., Inc.,* 213 W. Va. at 461, 583 S.E.2d at 84, Syl. Pt. 2.

The resolution of this issue requires the Court to look no further than the language contained in Rule 34. Rule 34 expressly allows a party *"to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served[.]"* (emphasis added). Under the language of Rule 26(b), the tangible things must be "relevant to the subject matter involved in the pending action[.]" Finally, Rule 34(b) requires that "the place[] and manner of making the inspection" *shall* be "reasonable."

Under the express language of Rule 34, Ms. Bergdoll can "inspect" the truck and trailer that is the focus of her complaint and Potomac Trucking has not taken issue with allowing an inspection of the truck and trailer. Likewise, we do not find error in the circuit court's determination that the inspection of the truck and trailer occur at the personal residence of Potomac Trucking's employee, Mr. Wratchford. Mr. Wratchford testified during his deposition that he routinely parked the truck and trailer at his personal residence for eight years. Also, this location is where the accident occurred and it is only three-and-a-half miles from Potomac Trucking's office.[6]

The problem, however, is not with the circuit court ordering that the truck and trailer be produced for inspection. Instead, it is the circuit court's agreeing with Ms. Bergdoll's request that "the Petitioner . . . move the truck to different locations on . . . [Mr. Wratchford's] driveway to determine what can, or cannot, be seen from the vantage point of the truck driver." While Ms. Bergdoll insists that she is not asking Potomac Trucking to participate in her accident recreation, we find the contrary to be true. Further, because the express language of Rule 34 does not contemplate discovery requiring an opposing party to participate in the recreation of an accident at the direction of the party seeking the discovery under the rule, we find that the circuit court committed a substantial error. There simply is no authority to support the circuit court's directing Potomac Trucking and its employee to operate a truck and trailer at the direction of Ms. Bergdoll's expert. As Rule 34 provides no support for such an order by the circuit court, we cannot find that this portion of the circuit court's order is reasonable under the rule.

Consequently, there was no error committed by the circuit court in ordering the inspection of the subject truck and trailer at the driveway of the personal residence of Mr. Wratchford, Potomac Trucking's employee. It was clear legal error on the part of the circuit

---

[6]Further, even though Potomac Trucking does not have control or possession of its employee's property as the employee is not a named defendant, Potomac Trucking agreed to work with its employee to allow Ms. Bergdoll's expert to go onto the employee's property to inspect the portion of the property where the truck and trailer were routinely parked.

court, however, to order Potomac Trucking to have its employee participate in an accident recreation.  In so ordering, the circuit court exceeded its authority and legitimate powers as it acted outside the scope of West Virginia Rule of Civil Procedure 34.

Writ granted as moulded.

**ISSUED:  October 6, 2016**

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II