534 S.E.2d 389

STATE of West Virginia ex rel. Benny W. EVANS, Petitioner,

v.

Honorable Andrew N. FRYE, Jr., Judge of the Circuit Court of Mineral County, Virginia Evans, Wendell Evans and Floyd Myers, Respondents.

No. 26954.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 15, 2000.

Decided July 10, 2000.

David Layva, Esq., Tammy Mitchell Bittorf, Esq., Layva, Bittorf & Santa Barbara, Martinsburg, West Virginia, Attorneys for Petitioner.

J. David Judy, III, Esq., Judy & Judy, Moorefield, West Virginia, Attorney for Respondent, Virginia Evans.

Patrick A. Nichols, Esq., Parsons, West Virginia, Attorney for Respondent, Wendell Evans.

William R. Kuykendall, Esq., Keyser, West Virginia, Attorney for Respondent, Floyd Myers.

MAYNARD, Chief Justice:

This case is before this Court upon a petition for a writ of prohibition filed by the petitioner, Benny W. Evans, against the respondents, the Honorable Andrew N. Frye, Jr., Judge of the Circuit Court of Mineral County, Virginia Evans, Wendell Evans, and Floyd Myers. The petitioner seeks to prohibit the sale of real and personal property as ordered by the respondent judge in a divorce proceeding between the parents of the petitioner pending in the Circuit Court of Mineral County. The petitioner claims that he and his father jointly own some of the

property identified as marital property by Virginia Evans and ordered to be sold by the respondent judge. We issued a rule to show cause and now grant the writ.

### I.

Virginia Evans filed a complaint seeking dissolution of her 37–year marriage to Wendell Evans on May 15, 1998. During the divorce proceedings, the parties were asked to identify their real and personal property for equitable distribution purposes. The asset schedules and financial statements filed by Virginia Evans specified that a farming/excavation business operated by her husband and her son, Benny W. Evans, was marital property subject to equitable distribution. Upon learning of this claim, Benny Evans filed a motion to intervene. He alleged that he formed a partnership with his father in 1991 by oral contract and that he and his father jointly owned and operated the farming/excavation business known as "Wendell Evans & Sons." He further stated that the business was operated, in part, upon a 133.25 acre tract of land which they purchased together in 1995.

Benny Evan's motion to intervene was granted in April 1999, and he was ordered to comply with all discovery requests. In August 1999, Virginia Evans filed a petition for contempt complaining that Benny Evans had not answered her discovery requests and had not produced any documentation to support his claim of ownership in the Wendell Evans & Sons business. After considering the petition for contempt, the respondent judge ordered that all of the property of the parties be sold if the contested issues were not resolved by October 15, 1999. The issues were not resolved by that time, and in November 1999, the respondent judge ordered that "all personal property of the parties alleged to be in any way property of either Virginia E. Evans or Wendell W. Evans, or in partnership thereof, shall be sold on December 11, 1999, unless the parties can otherwise agree to settle their differences in the division of the real estate and personal property." Subsequently, Benny Evans filed this petition for a writ of prohibition with this Court thereby preventing the sale scheduled to take place on December 11, 1999.

### II.

The petitioner contends that the circuit court had no jurisdiction to order the sale of the parties' assets because the matter had been referred to the family law master. He also contends that the circuit court exceeded its legitimate powers by ordering the property to be sold without first classifying the property as marital or nonmarital. For these reasons, he requests that a writ of prohibition be issued.

Initially, we note that "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for [a petition for appeal] or certiorari." Syllabus Point 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953). *See also* W.Va.Code § 53–1–1 (1923).

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

**528**

Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996). With these standards in mind, we now consider whether a writ of prohibition should be granted.

We begin our analysis by first considering the petitioner's contention that the circuit court did not revoke the family law master's jurisdiction in accordance with W.Va.Code § 51–2A–10(b) (1999) and thus, was without jurisdiction to *sua sponte* compel the sale of the parties' assets. W.Va.Code § 51–2A–10(b) provides:

> On its own motion or upon motion of a party, the circuit court may revoke the referral of a particular matter to a family law master if the family law master is recused, if the matter is uncontested, or for other good cause, or if the matter will be more expeditiously and inexpensively heard by a circuit judge without substantially affecting the rights of parties.

According to the documents attached to this petition for a writ of prohibition, the petitioner has not complied with the orders of the family law master, and as a result, the contested issues in the underlying divorce proceeding have not been resolved. In an effort to force the petitioner to cooperate, Virginia Evans filed a petition for contempt in August 1999. Apparently, the circuit court found that it was necessary to resume control of the case at that time so that the divorce· proceeding could be brought to a conclusion. However, the circuit court did not enter an order revoking the family law master's jurisdiction.

■ As this Court has previously noted, "the powers possessed by a family law master are restricted to those conferred by statute." *Segal v. Beard*, 181 W.Va. 92, 95, 380 S.E.2d 444, 447 (1989). In this regard, W.Va.Code § 51–2A–10(b) provides that a circuit court may revoke the referral of a matter to the family law master in certain instances. As quoted above, the statute authorizes a circuit court to revoke the family law master's jurisdiction for "good cause" or

"if the matter will be more expeditiously and inexpensively heard by a circuit judge[.]" Pursuant to W.Va.Code § 51–2A–10(b), the jurisdiction of the family law master may be revoked by the circuit court *sua sponte* or upon motion of a party. Given the fact that the petitioner had not complied with the family law master's orders and the contested issues had not been resolved, we believe that "good cause" existed for the circuit court to revoke the referral of this case to the family law master. However, we find that the circuit court erred by not entering an order specifically revoking the family law master's jurisdiction prior to assuming jurisdiction of the case.

■ In addition, we find that the circuit court erred as a matter of law when it ordered the parties' assets to be sold. As noted above, the petitioner asserts that W.Va.Code § 48–2–13(a)(10) (1993) does not permit the circuit court to order the sale of real or personal property of unknown character and which is not reasonably necessary to preserve the estate of the parties.[1] The petitioner further states that even if the sale was intended to preserve the estate, it should still be prohibited because there was no finding that the property ordered to be sold was in fact marital property. We agree.

■ In Syllabus Point 1 of *Whiting v. Whiting*, 183 W.Va. 451, 396 S.E.2d 413 (1990), this Court held that:

> Equitable distribution under W.Va.Code, 48–2–1, *et seq.*, is a three-step process. The first step is to classify the parties' property as marital or nonmarital. The second step is to value the marital assets. The third step is to divide the marital estate between the parties in accordance with the principles contained in W.Va. Code, 48–2–32.

We further held in Syllabus Point 2 of *Whiting* that:

> Unless the parties have made a joint stipulation or property settlement agreement, under Rule 52(a) of the West Virginia

---

1. W.Va.Code § 48–2–13(a)(10) (1993) provides:
   When the pleadings include a specific request for specific property or raise issues concerning the equitable division of marital property, the court may enter such order as is reasonably necessary to preserve the estate of either or both of the parties[.]

Rules of Civil Procedure the circuit court is required to make findings of fact and conclusions of law in its final order which reflect each step of the equitable distribution procedure. The same obligation is imposed upon a family law master under W.Va.Code, 48A–4–4(d) [now W.Va.Code § 48A–4–13(e) (1993) ].[2]

In this case, no order was entered by either the circuit court or the family law master classifying the parties' property as marital or nonmarital. Instead, a hearing was held on August 5, 1999, regarding the contempt petition filed by Virginia Evans. At that time, the parties were advised that if they did not resolve the contested issues, their property would be sold at a public sale. The circuit court further stated that the case should proceed to its conclusion with the family law master unless further contempt proceedings were necessary or the parties were not able to reach an agreement regarding the marital property. Because no agreement was reached by November 1999, the circuit court ordered that "all personal property of the parties alleged to be in any way property of either Virginia E. Evans or Wendell W. Evans, or in partnership thereof, shall be sold on December 11, 1999, unless the parties can otherwise agree to settle their differences in the division of the real estate and personal property." The circuit court further ordered that all proceeds from the sale be placed in an escrow account pending distribution of the funds between the parties as ordered by the family law master.

As set forth above, our statutes and case law are very specific with regard to the manner in which equitable distribution is to be completed. Pursuant to W.Va.Code § 48–2–32(d)(7)(E) (1999), the circuit court may "[o]rder a sale of specific property and an appropriate division of the net proceeds of such sale[.]" However, before the sale is ordered, W.Va.Code § 48–2–32(d)(1) requires the court to "[d]etermine the net value of all marital property of the parties" and W.Va. Code § 48–2–32(d)(2) requires the court to "[d]esignate the property which constitutes marital property, and define the interest therein to which each party is entitled and the value of their respective interest therein." Thus, before a circuit court may order the sale of marital property, either real or personal, in a divorce proceeding, it must first designate the property as marital property, determine its net value, and define each party's interest and the value of each party's respective interest in the property.

In this case, there is no indication that the circuit court has followed this procedure. Even though the petitioner refused to comply with the family law master's discovery orders, the circuit court clearly erred as a matter of law and thus, exceeded its legitimate powers by ordering the parties' assets to be sold prior to classifying the property as marital or nonmarital, establishing its value, and determining the parties' interests in the property. Moreover, there was no determination of whether the petitioner has an ownership interest in any of the property. Accordingly, this matter is remanded to the circuit court either for referral to the family law master or for entry of an order revoking the family law master's jurisdiction and thereafter, determine and rule upon the equitable distribution of the parties' assets in accordance with the principles enunciated herein, including a determination of whether the petitioner has an ownership interest in the property.[3] Therefore, the writ prayed for is granted.

Writ granted.

---

**2.** W.Va.Code § 48–4–4 was amended and reenacted as W.Va.Code § 48A–4–13 in 1993. The pertinent language now appears in subsection (e).

**3.** We note that the petitioner indicates that the 133.25 acre tract of land upon which the Wendell Evans & Sons business operates is secured by a deed of trust. In the event that this property or any other property of the parties is ordered to be sold at a judicial sale, the interests of any lienholder or creditor should be protected with appropriate notice and/or joinder.