613 S.E.2d 924 (2005)
216 W.Va. 776
STATE of West Virginia ex rel. WAUSAU BUSINESS INSURANCE COMPANY, Petitioner
v.
The Honorable John T. MADDEN, Judge of the Circuit Court of Marshall County, West Virginia; and Cheryl Clark and Matthew Clark, Respondents.
No. 32504.
Supreme Court of Appeals of West Virginia.
Submitted February 22, 2005.
Decided May 11, 2005.
*926 Amy M. Smith, Daniel C. Cooper, Jamison H. Cropp, Steptoe & Johnson, P.L.L.C., Clarksburg, for the Petitioner.
Crystal Hawkins Castleberry, Stephen E. Hastings, Castleberry Law Offices, Morgantown and Gregory A. Gellner, Gellner Law Offices and Robert P. Fitzsimmons, Fitzsimmons Law Offices, Wheeling, for the Respondents, Cheryl Clark and Matthew Clark.
ALBRIGHT, Chief Justice.
Wausau Business Insurance Company (hereinafter referred to as "Wausau") invokes the original jurisdiction of this Court in order to obtain a writ of prohibition[1] to prevent enforcement of that portion of a November 17, 2004, order of the Circuit Court of Marshall County that directs disclosure of materials Wausau alleges are protected by the attorney-client privilege and work-product doctrine. Wausau more specifically argues that the lower court erred as a matter of law by finding that Wausau waived any objection it had to the requested discovery by not raising its concerns either at the time it had filed a preliminary motion for a protective order as an attempt to restrict the scope of discovery or within the time prescribed by rule for response to discovery requests. Having completed our review of the written and oral arguments of the parties, we grant the requested relief.

I. Factual and Procedural Background
The subject court order was issued in a civil action sounding in negligence brought by Cheryl and Matthew Clark (hereinafter referred to as "the Clarks") against a company and its employee who were insured by Wausau. When the Clarks amended their original complaint to allege violations of the unfair claim settlement provisions of the West Virginia Unfair Trade Practices Act (hereinafter referred to as "UTPA"),[2] Wausau was added as a defendant to the action. On June 12, 2003, the Clarks served Wausau with "Plaintiffs' First Set of Interrogatories and Requests for Production of Documents to Wausau Business Insurance Company." Among the documents requested at this point in discovery were all claim and litigation files maintained in connection with the negligence action, both before and after the suit was initiated.
According to Wausau, the Clarks verbally agreed to a thirty-day extension of the routine discovery deadline. See W.Va. R. Civ. P. 34(b). Counsel for Wausau confirmed the agreement by letter addressed to counsel for the Clarks dated July 9, 2003, which stated:
Thank you for your voice mail message of July 8, 2003, wherein you indicated that *927 the plaintiff is agreeable to an extension of the deadline for Wausau's responses to the plaintiff's first set of discovery. Please allow this letter to confirm our agreement to extend the date on which Wausau is required to respond to "Plaintiffs' First Set of Interrogatories and Request for Production of Documents to Wausau Business Insurance Company," for an additional thirty days.
On July 18, 2003, Wausau filed a preliminary motion for a protective order under the provisions of West Virginia Rule of Civil Procedure 26(c), to question the relevancy of documents prepared after the underlying negligence claim had been filed.[3] Wausau secured additional agreement from the Clarks to extend the time to respond to the discovery requests while the protective order motion was pending. These agreements also took the form of confirmation letters generated by Wausau's counsel to the Clarks' counsel. One letter, dated August 4, 2003, provided for an extension until September 12, 2003; the second letter, dated September 10, 2003, addressed the extension as follows:
Please allow this letter to confirm your agreement to extend the date on which Wausau is required to respond to "Plaintiff's First Set of Interrogatories and Request for Production of Documents to Wausau Business Insurance Company," until two weeks after the Court's ruling on Defendant's motion for protective order.... As we discussed, this extension will apply regardless of the Court's decision.
By order dated October 1, 2003, Wausau's preliminary motion attempting to limit the scope of discovery through protective order was denied and Wausau was directed to respond to the discovery request within fourteen days from that date. Wausau responded on October 15, 2003, which response included objections to the requested discovery on the basis of attorney-client privilege and work-product doctrine. Although the unadulterated documents involving attorney-client privilege and work-product objections were withheld, Wausau redacted the materials and submitted a privilege log.
On January 22, 2004, the Clarks filed a motion to compel discovery, claiming that Wausau had waived any additional objections to the requested discovery beyond that related to the protective order motion because the objections were not made within thirty days of service of the requests as required by Rule 34 of the Rules of Civil Procedure. Wausau filed a response to the motion on February 17, 2004, and on March 1, 2004, counsel for Wausau forwarded unredacted copies of the documents listed on the privilege log for in camera review.
Oral argument regarding the Clarks' motion to compel was held on May 7, 2004, and the lower court granted the motion by order entered on November 17, 2004, which included the following conclusions:
The parties disagree as to the terms and intent of their [discovery extension] agreement.
This is a situation not unlike others in litigation where parties have an agreement, don't reduce it to writing, or have it approved by the Court and later disagree as to the terms of the agreement.
When a situation arises and there is no correspondence or written memoranda to confirm the terms of the agreement, the Court must treat the case as if there were no agreement and apply the Rules strictly.
* * *
The Defendant's Motion for a Protective Order makes no mention of the fact that it reserves further argument on Plaintiffs' discovery requests. It singularly addresses the issue of post-suit discovery. Consequently, the Court holds that the Defendant waived any objections to Plaintiffs' discovery requests other than post-suit conduct which the Court found must be produced ....
* * *
Having now addressed Defendant's argument and found it to be untenable, it is not necessary for the Court to examine the *928 documents delivered to the Court for an in camera review.
It is from this order that Wausau seeks a writ of prohibition and for which this Court issued a rule to show cause order on January 13, 2005.

II. Standard of Review
This Court uses considerable caution when called upon to issue a writ of prohibition because "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari." Syl. Pt. 1, Crawford v. Taylor, 138 W.Va. 207, 75 S.E.2d 370 (1953). Nevertheless, "[w]hen a discovery order involves the probable invasion of confidential materials that are exempted from discovery under Rule 26(b)(1) and (3) of the West Virginia Rules of Civil Procedure,[4] the exercise of this Court's original jurisdiction is appropriate." Syl. Pt. 3, State ex rel. U.S. Fidelity and Guar. Co. v. Canady, 194 W.Va. 431, 460 S.E.2d 677 (1995). In such instances, "[a] writ of prohibition is available to correct a clear legal error resulting from a trial court's abuse of its discretion in regard to discovery orders." Syl. Pt. 1, State Farm v. Stephens, 188 W.Va. 622, 425 S.E.2d 577 (1992). And while
[a] circuit court's ruling on discovery requests is reviewed for an abuse of discretion standard, [ ] where a circuit court's ruling turns on a misinterpretation of the West Virginia Rules of Civil Procedure, our review is plenary. The discretion that is normally given to a trial court's procedural decisions does not apply where the trial court ... applies the wrong legal standard. Syl. Pt. 5, in part, State ex rel. Medical Assurance of West Virginia v. Recht, 213 W.Va. 457, 583 S.E.2d 80 (2003). Accordingly, our task in the case before us is to determine whether the lower court applied the wrong legal standard which would warrant this Court to issue the requested writ of prohibition.

III. Discussion
Wausau contends that the lower court was clearly wrong in holding that Wausau waived any objections to discovery when it failed to contemporaneously raise its attorney-client and work-product objections with a preliminary motion for a protective order, intended to define the scope of discovery, or to otherwise raise the objections within the applicable thirty-day response period set forth in Rule 34(b).[5] In support of its position, Wausau argues that not raising the specific attorney-client and work-product objections to the discovery request until after the preliminary motion was decided complied with the agreement of the parties.
We have generally recognized that the rules governing discovery in civil cases[6] are intended "to ferret out evidence which is in some degree relevant to the contested issue." Syl. Pt. 1, in part, Evans v. Mutual Min., 199 W.Va. 526, 485 S.E.2d 695 (1997). However, there are various express provisions in the discovery rules which temper the breadth of this generic purpose in a variety of ways and for differing reasons. Three exceptions relevant in the case before us are the attorney-client privilege, work-product qualified immunity and protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense ...." W.Va. R.Civ.P. 26(c).
A party served with a discovery request under Rule 34 ordinarily is required to *929 respond within thirty days after service of the request.[7] "The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated." W.Va. R.Civ.P. 34(b). The plain terms of the relevant discovery rules provide that a party served with a document request actually has four options:
(1) respond by agreeing to produce the requested documents (W.Va. R.Civ.P. 34(b));
(2) respond by objecting (W.Va. R. Civ. P.34(b));
(3) move for a protective order (W.Va. R.Civ. P. 26(c) and 37(d)); or
(4) do nothing and face imposition of sanctions (W.Va. R.Civ. P. 37(d)).
In the instant case, Wausau, acting within the time allowed for response under Rule 34, first sought and obtained agreement from the Clarks' attorney to extend the response period. Thereafter Wausau filed its motion for a protective order, which sought a prefatory court determination about the parameters of discovery. Pending the outcome of the preliminary motion, Wausau sought and obtained further agreement from the Clarks about additional extension of the time in which to respond. It is true that the written extension agreements did not provide detail regarding the contents or nature of Wausau's response, but such would be largely unknown until after the preliminary court determination was made. Had the lower court granted Wausau the protective order it sought, there would be no need to raise objection to documents which were determined to be outside of the scope of discovery. While the language of Rule 34 contemplates that a singular response is made to a request for discovery, when a motion is made to ascertain or delineate the bounds of discovery, requiring such a unitary response would do little to promote the guiding purpose of the rules of civil procedure: "to secure the just, speedy, and inexpensive determination of every action." W.Va. R.Civ.P. 1. Consequently, we hold that when a party, who has obtained an extension of time to answer discovery requests, files a motion for a protective order to limit the scope of discovery, the party need not raise all objections to discovery in the motion for a protective order. However, the trial court may, after giving due notice and an opportunity to respond, require submission of all potential objections incident to consideration of the motion for a protective order.
The Clarks contend that the objections Wausau raised after the lower court refused to issue a protective order came as a surprise since they did not intend the extension agreements to include any alternative other than producing the requested materials. As previously noted, there are four options available to a party responding to a discovery request. All parties are put on notice of these options in the clear language of the rules of civil procedure, and if a party desires to restrict those options when agreeing to an extension in the response time, then the party should seek to insert such limitation into the text of the agreement. In the case before us, the Clarks' attorney could have made such clarification by return facsimile transmission or other correspondence to Wausau.[8] If Wausau refused to agree with the requested limitation, then the Clarks could have filed *930 a motion pursuant to Rule 26(f) requesting the court to impose such a limitation.

IV. Conclusion
Based upon the foregoing, the provisions of the November 17, 2004, order of the Circuit Court of Marshall County are void with regard to waiver of objections to the discovery request by Wausau, and the matter is returned to the lower court for determination through a discovery hearing as to whether any of the materials to which Wausau raised objection are indeed privileged or immune from exposure. While the discovery hearing may be conducted by the circuit judge or a special commissioner or master appointed by the circuit judge to assist with the process of reviewing the challenged documents, the circuit judge retains the responsibility for the ultimate decision of whether a questioned document is subject to disclosure. Accordingly, it is incumbent upon the trial judge who does not personally conduct the review to perform a thorough off-the-record examination of any recommendations of a discovery commissioner or master, particularly with regard to disclosure of documents claimed to be privileged or immune as work products, before disclosing the results on the record.
Writ of prohibition granted.
NOTES
[1] The writ of prohibition is sought pursuant to the provisions of West Virginia Code §§ 53-1-1 to 12 (Repl. Vol. 2000) and Rule 14 of the West Virginia Rules of Appellate Procedure.
[2] W. Va.Code § 33-11-4(9) (2002) (Repl. Vol. 2003).
[3] Wausau's protective order motion was filed before this Court held in Barefield v. DPIC Companies, Inc., 215 W.Va. 544, 600 S.E.2d 256 (2004), that an insurer's conduct during the pendency of a lawsuit against an insured may be used to support an UTPA claim.
[4] Unless otherwise denoted, subsequent reference in this opinion to "Rule ___" is to the West Virginia Rules of Civil Procedure.
[5] Response to requests for discovery of documents and certain other items is addressed in Rule 34(b) in the following manner:

The party upon whom the request is served shall serve a written response within 30 days after the service of the request, except that a defendant may serve a response within 45 days after service of the summons and complaint upon that defendant. A shorter or longer time may be directed by the court or, in the absence of such order, agreed to in writing by the parties, subject to Rule 29.
Id. Rule 29 deals with the allowable written stipulations regarding the discovery procedure which the parties may develop.
[6] W.Va. R. Civ. P. 26 through 37.
[7] Response to requests for discovery of documents and certain other items is addressed in Rule 34(b) in the following manner:

The party upon whom the request is served shall serve a written response within 30 days after the service of the request, except that a defendant may serve a response within 45 days after service of the summons and complaint upon that defendant. A shorter or longer time may be directed by the court or, in the absence of such order, agreed to in writing by the parties, subject to Rule 29.
Id. Rule 29 deals with the allowable written stipulations regarding the discovery procedure which the parties may develop.
[8] Modern practice among lawyers frequently results in verbal agreements being memorialized through unilateral facsimile transmissions or memoranda which do not bear the signatures of the parties to the agreement. Practitioners should be cautious in proceeding in this fashion as it readily raises the issue of whether a meeting of the minds occurred. The better practice remains that any agreement be approved on its face by all parties.