680 S.E.2d 54

**STATE of West Virginia, ex rel. WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, and Anita D. Evans, Social Services Worker, Petitioners,**

v.

**Honorable David M. PANCAKE, Judge of the Circuit Court of Cabell County, Respondent.**

No. 34602.

Supreme Court of Appeals of West Virginia.

Submitted April 7, 2009.

Decided May 4, 2009.

Concurring Opinion of Chief Justice Benjamin July 27, 2009.

40

Darrell V. McGraw, Attorney General, Michael L. Jackson, Assistant Attorney General, Charleston, Margaret Phipps Brown, Assistant Prosecuting Attorney, Huntington, for the Petitioner.

Krista Karickhoff Conway, Esq., Conway Law Office, Huntington, for Respondent Angela H.

PER CURIAM:

In this case, the West Virginia Department of Health and Human Resources ("the DHHR") seeks a writ of prohibition to halt the enforcement of a circuit court order dismissing an abuse and neglect petition. The circuit court dismissed the petition as a sanction against the DHHR for failing to timely file an expert's report with the circuit court.

As set forth below, we grant the requested writ.

## I.

### Facts and Background

On August 2, 2007, the DHHR filed an abuse and neglect petition against respondent Angela H. in the Circuit Court of Cabell County. The DHHR alleged in the petition that Angela H. had screened positive for amphetamine/methamphetamine, cannabinoids, and cocaine during the birth of her new son, K.M., on July 11, 2007, and that she had her parental rights to other children previously terminated in other actions. Angela H. voluntarily admitted to neglect, and the circuit court adjudicated the mother

as neglectful and granted her motion for a post-adjudicatory improvement period.

The DHHR moved to terminate Angela H.'s improvement period—ostensibly because she was not complying with drug treatment programs and because of concerns about her parenting skills-and moved to terminate her parental rights to K.M. On August 6, 2008, the circuit court ordered the DHHR to perform a psychological evaluation of Angela H., and set the matter for a final disposition hearing on October 1, 2008.

However, at the October 1, 2008 hearing, counsel for the DHHR announced that it had not yet begun to conduct a psychological examination of the respondent mother, Angela H. The circuit court then continued the disposition hearing to November 19, 2008. The circuit court also ordered that the DHHR complete the psychological evaluation of Angela H., and file a report of that evaluation with the court, by November 7, 2008. The circuit court explicitly stated that, if the evaluation was not filed by that date, then "the petition will be dismissed as to the respondent mother." [1]

The DHHR filed the required psychological report on November 14, 2008. At the November 19th hearing, the circuit court noted that the report had not been timely filed, as the circuit court had explicitly ordered, and the circuit court announced that the petition was being dismissed. The circuit court expressed frustration with the DHHR's failure to comply with scheduling deadlines, and indicated that it was "an ongoing problem" that this Court should recognize.[2]

In a written order filed December 12, 2008, the circuit court ordered that the abuse and neglect petition against Angela H. be "dismissed for failure to file the psychological report by November 7, 2008." The circuit court also ordered that the child, K.M., be returned to his mother Angela H.'s custody.

The DHHR immediately petitioned[3] this Court for a writ of prohibition to stop the

---

1. The circuit court's October 23, 2008 order states, in pertinent part:

   Based upon the testimony adduced and the record herein, the Court did FIND as follows:
   . . .
   The psychological evaluation of the respondent mother has not been completed. If the psychological evaluation has not been filed on or before November 7, the petition will be dismissed as to the respondent mother. . . .
   It is, therefore, ORDERED as follows: . . .
   This matter is set for disposition as to the respondent mother on November 19, 2008 at 9:00 am; however, if the psychological evaluation of the respondent mother is not filed with the Court on or before November 7, 2008, the petition shall be dismissed as to the respondent mother.

2. The following exchange occurred at the November 19, 2008 hearing between the circuit judge, the assistant prosecutor who represented DHHR, and the DHHR case worker:

   The Court: By order entered October 23, 2008, pursuant to our appearance here on October the 1st, 2008, I set this matter for disposition today with the proviso that if the psychological evaluation of the Respondent Mother is not filed with the Court on or before November the 7th, 2008, the petition shall be dismissed as to the Respondent Mother. The psychological [report] was not filed until November the 14th, and the Court is dismissing the petition.

   Prosecutor: Will the Court entertain a motion for a stay, so that we can approach the Supreme Court of—

   The Court: No. I'm dismissing the petition. You may appeal it.

   Case worker: I thought that I had the psychological evaluation brought down here, filed and distributed to everybody on Friday the 7th, and I filed one, again, with my court summary.

   The Court: It was filed November the 14th, 2008 at 2:34 p.m. in the circuit clerk's office. . . . This is one I want to go up, because I want the [Supreme] Court to know when we order things, we don't get them done. . . . And it's been an ongoing problem. . . . I ordered that it be filed and it was not filed timely, and I'm going to back up my order. If the Court wants to send it back, they can send it back, that's their decision to make. But this is—I'd actually like someone to take my deposition sometime so I can give them the cases and the deadlines and the time frames that we get. They contract these things with the contractual providers and it just doesn't work. It's dismissed for failure to file it by November the 7th, just like I said. It's dismissed.

3. On November 25, 2008, the petition for the writ of prohibition was filed by an assistant attorney general on behalf of his client, the DHHR. Oddly, the next day, an assistant prosecutor who also represented the DHHR filed a *response* to the writ of prohibition. The *West Virginia Rules of Appellate Procedure* allow a party to file only one merits brief on a petition for a writ of prohibition, not two—and they absolutely do not allow parties to file response briefs to their own petition. And to the extent that the assistant prosecutor filed the brief on her own behalf and not

enforcement of the circuit court's oral and written orders dismissing the abuse and neglect petition.[4]

## II.

### Standard of Review

We have held that "[p]rohibition lies only to restrain inferior courts from proceedings in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers, and may not be used as a substitute for [a petition for appeal] or certiorari." Syllabus Point 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953). In Syllabus Point 4 of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996), we stated the following standard of review where, as here, a petitioner contends that a trial court has exceeded its legitimate powers:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

the DHHR, we do not believe that trial counsel is an "affected party" with standing to file a brief in opposition to her client's position. *See W.Va. R.A.P.* Rule 14.

## III.

### Discussion

▪ ▮▮▮ The DHHR asserts that the circuit court exceeded its authority when it refused to conduct a hearing on the abuse and neglect petition, as required by *W.Va.Code*, 49-6-6 [1977], and issued an order that dismissed the petition as a sanction for the DHHR's failure to timely file a psychological report. The DHHR asserts that a direct appeal of the circuit court's order would be inadequate since the infant, K.M., would return to an alleged unsafe environment in the mother's care pending review of the order on appeal.

*W.Va.Code*, 49-6-6 requires a trial court to conduct a hearing on any motion made to modify a child's disposition. *W.Va.Code*, 49-6-6 states, in pertinent part:

> Upon motion of a child, a child's parent or custodian or the state department alleging a change of circumstances requiring a different disposition, the court shall conduct a hearing ... Adequate and timely notice of any motion for modification shall be given to the child's counsel, counsel for the child's parent or custodian and to the state department.

In the instant case, the circuit court refused to allow the DHHR to present evidence or witness testimony in a disposition hearing. The circuit court was clearly in error, and should have conducted a hearing to take evidence and testimony in support of the DHHR's motion seeking to alter Angela H.'s and K.M.'s disposition.

▮▮▮▮ This is not to say, however, that the circuit court erred in attempting to assess sanctions. The transcript of the November 19, 2008 hearing plainly reflects the circuit court's frustration with the DHHR and its counsel arising from their repeated failures to comply with the circuit court's orders. Our concern is that the remedy of dismissing the petition, without first considering other sanctions, fails to take into consideration the

4. We issued a rule to show cause why the petition should not be granted, and the circuit court has delayed reunification of the child with Angela H. pending the Court's decision.

best interests of the child who is the subject of the abuse and neglect petition.[5]  As we stated in Syllabus Point 3 of *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996):

> Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.

The early, most formative years of a child's life are crucial to his or her development.  *In re Carlita B.,* 185 W.Va. 613, 623, 408 S.E.2d 365, 375 (1991).  We have repeatedly emphasized that "children have a right to resolution of their life situations, to a basic level of nurturance, protection, and security, and to a permanent placement." *State ex rel. Amy M. v. Kaufman,* 196 W.Va. 251, 257, 470 S.E.2d 205, 211 (1996).  We therefore concluded, in Syllabus Point 1 of *In re Carlita B., supra:*

> Child abuse and neglect cases must be recognized as being among the highest priority for the courts' attention.  Unjustified procedural delays wreak havoc on a child's development, stability and security.

The central theme of the statutes which pertain to abuse and neglect is that "matters involving the abuse and neglect of children shall take precedence over almost every other matter with which a court deals on a daily basis, and it clearly reflects the goal that such proceedings must be resolved as expeditiously as possible."  Syllabus Point 5, *In re Carlita B, supra.*

The record in the instant case shows that the circuit court attempted to give this abuse and neglect matter precedence, and attempted to resolve the case as expeditiously as possible.  However, the DHHR and its counsel did not comply with the circuit court's directions to timely file a report with the circuit clerk.  If the circuit court perceived that the delays in resolving the case resulted from action (or inaction) by the DHHR or its counsel, then any sanctions should first have been directed to the party or to the attorney at fault.  But the overarching rule is that any sanctions first should take into account the health and welfare of the child.

## IV.

### *Conclusion*

The circuit court's oral and written orders dismissing the abuse and neglect petition—while understandable—were in error, and failed to take into account the health and welfare of the child and failed to accord the DHHR with the ability to present its evidence and testimony.  The writ of prohibition is granted.

Writ Granted.

Chief Justice BENJAMIN concurs and reserves the right to file a concurring opinion.

BENJAMIN, Chief Justice, concurring:
(Filed July 27, 2009)

I concur completely in the majority *per curiam* opinion of the Court.  The circuit court's orders dismissing the abuse and neglect petition were in error and the writ of prohibition was properly granted.  Our guiding principle in cases such as this is the health and welfare of the child.  These cases deservedly receive the highest priority of the court system's attention—a priority which applies to government in general.  *In re Carlita B,* 185 W.Va. 613, 408 S.E.2d 365 (1991).

I write separately to acknowledge the apparent frustration demonstrated by the circuit court—a frustration which resulted not from any neglect on the court's part, but rather due to the failures of the Department of Health and Human Resources ("DHHR") to comply in a timely manner with its obligations regarding this child.  It is a frustration which I fear is too frequently felt by our courts in matters related to DHHR—and it is a frustration which I sense is too often

---

5.  We do not, by our decision today, mean to imply that dismissal of a petition is not permitted.  To the contrary, dismissal of the petition is the first disposition a court is to consider when assessing any abuse and neglect petition.  As *W.Va.Code,* 49-6-5(a) [2006] says, in part:

> Following a determination ... wherein the court finds a child to be abused or neglected, the department shall file with the court a copy of the child's case plan, including the permanency plan for the child.... The court shall forthwith proceed to disposition giving both the petitioner and respondents an opportunity to be heard.  The court shall give precedence to dispositions in the following sequence:
> (1) Dismiss the petition[.]

experienced first hand by the dedicated employees and administrators of DHHR who strive on a daily basis to meet DHHR's legal, and humanitarian, mandate to help families and children in West Virginia. Based upon the DHHR cases which have been before this Court in the last several years, I share this frustration. I sense others on this Court, too, share these frustrations.

As candidly admitted by counsel for DHHR in the oral argument of this case, the resources necessary for DHHR to comply fully with its statutory mandate too frequently are lacking. Based upon the evidence before this Court, I conclude that DHHR's ability to adequately comply herein with its legal obligation was caused not by any desire of a DHHR employee or administrator to do so, nor by the best efforts of DHHR employees and administrators, but rather by the continuing lack of requisite resources which DHHR receives to meet its mission. There is only so much that dedicated DHHR personnel can accomplish without adequate resources. I am deeply troubled and concerned about this continuing resource problem—a problem which I sense may be worsening and may be becoming systemic. This underlying resource problem perhaps deserves the Court's fuller attention.