504 S.E.2d 150

**STATE of West Virginia ex rel. JESSICA P., Petitioner,**

v.

**Honorable Christopher C. WILKES, Judge of the Circuit Court of Jefferson County; and Thomas Moreland, Director of the Eastern Regional Juvenile Detention Center of the Department of Corrections, Respondents.**

No. 24992.

Supreme Court of Appeals of West Virginia.

Submitted April 28, 1998.

Decided June 22, 1998.

---

Paresh S. Patel, Assistant Public Defender, Charles Town, for Petitioner.

Darrell V. McGraw, Jr., Attorney General Chad M. Cardinal, Assistant Attorney General, Charleston, for Juvenile Services.

Bernice Weinstein, Assistant Prosecuting Attorney, Charles Town, for Judge Wilkes.

PER CURIAM: [1]

This case is before this Court upon a petition for writ of prohibition and habeas corpus filed by the petitioner, Jessica P.,[2] against the Honorable Christopher Wilkes, Judge of the Circuit Court of Jefferson County. Thomas Moreland, Director of the Eastern Regional Juvenile Detention Center of the Department of Corrections, is also named as a respondent. The petitioner seeks to be relieved from a February 20, 1998 order in which the respondent Judge ordered that she be placed at New Dominion, an out-of-state juvenile facility. Petitioner contends that the respondent Judge failed to make the required findings of fact with regard to the necessity of placement in an out-of-state fa-

cility. In addition, petitioner contends that respondent Moreland has exceeded his authority to detain her at the Eastern Regional Juvenile Detention Center [hereinafter "Detention Center"] pending her placement in a juvenile facility. We issued a rule to show cause. We now grant the writ of prohibition.[3]

I

The petitioner was arrested on October 14, 1997, and charged with misdemeanor domestic assault and domestic battery of her father.[4] She was placed at the Children's Home Society Shelter [hereinafter Children's Home] in Martinsburg, West Virginia, pending resolution of her case. On December 3, 1997, the petitioner entered a no contest plea to both charges. The circuit court ordered that she remain at the Children's Home until her dispositional hearing.

On January 5, 1998, the petitioner left the Children's Home to be alone with a male resident she met there. She was arrested the next day, and the circuit court ordered that she be detained at the Detention Center pending disposition of her case.

A disposition hearing was held on February 20, 1998. During the hearing, the State recommended that the petitioner be placed at New Dominion, a juvenile facility in Dillwyn, Virginia. The basis for the recommendation was the fact that the petitioner had left the Children's Home. Petitioner's counsel recommended that she be placed at the Florence Crittenton facility in Wheeling, West Virginia. The Department of Health and Human Services and the petitioner's parents concurred with this recommendation.[5] William

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. Consistent with our past practice in juvenile cases, we do not use the last names of the parties. *See In the Matter of Jonathan P.,* 182 W.Va. 302, 303 n. 1, 387 S.E.2d 537, 538 n. 1 (1989).

3. On March 31, 1998, the petitioner filed a Motion for Post–Conviction Bail with this Court. On April 27, 1998, we remanded the matter of post-conviction bail to the circuit court for a bail hearing. Because of the bail proceedings pend-

ing before the circuit court, we deny the request for a writ of habeas corpus.

4. The circuit court record in the underlying case is not before this Court. Consequently, the details of the petitioner's arrest are sketchy Documents attached to the petition indicate that at the time of her arrest, the petitioner was fourteen years old.

5. A report from a multi-disciplinary team meeting held on February 17, 1998, recommended that the petitioner be placed with Florence Crittenton. However, the report indicates that the prosecuting attorney and the probation officer were not present at the meeting.

Bechtold, the petitioner's probation officer, recommended that she be placed at Cammack Children's Center or Sugar Creek Children's Center, two other facilities in West Virginia.[6]

Thereafter, the circuit court ordered that the petitioner be placed at New Dominion and pending transfer to this facility, that she remain at the Detention Center. At the time this petition was filed, the petitioner remained at the Detention Center awaiting transfer to New Dominion.

## II

■ The general rule with respect to the propriety of the extraordinary remedy of prohibition is set forth in Syllabus Point 1 of *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953). In Syllabus Point 4 of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996), we listed the criteria for issuing a writ of prohibition where, like the case *sub judice*, it is only claimed that the lower tribunal exceeded its legitimate powers.

■ The petitioner contends that a writ of prohibition is appropriate because the circuit court failed to make findings of fact regarding the necessity of her placement in an out-of-state facility in accordance with our decisions in *E.H. v. Matin*, 201 W.Va. 462, 498 S.E.2d 35 (1997) and *State ex rel. Ohl v. Egnor*, 201 W.Va. 777, 500 S.E.2d 890 (1997). We agree. In Syllabus Point 4 of *Egnor*, we held that:

> While W. Va.Code § 49–5–13(b) (1995) (Repl.Vol.1996) expressly grants authority to the circuit court to make facility-specific decisions concerning juvenile placements, that authority is not without limitation. Rather, the circuit courts must choose from the alternatives provided in W. Va. Code § 49–5–13(b) in selecting appropriate juvenile placements.

Moreover, in both *Egnor* and *Matin*, we reiterated our previous holding in Syllabus Point 6 of *State ex rel. W. Va. DHHR v.*

*Frazier*, 198 W.Va. 678, 482 S.E.2d 663 (1996), wherein, we stated:

> While a circuit court should give preference to in-state facilities for the placement of juveniles, if it determines that no instate facility can provide the services and/or security necessary to deal with the juvenile's specific problems, then it may place the child in an out-of-state facility. In making an out-of-state placement, the circuit court shall make findings of fact with regard to the necessity for such placement.

In *Matin*, we expanded our holding by specifying that:

> If the lower court is going to depart from the recommendations of the multidisciplinary treatment team and thereby place juveniles in out-of-state facilities, then the court must hold a full evidentiary hearing on the adequacy of the individual service plan and the report of the multidisciplinary team. Following the hearing, and before any out-of-state placement can occur, the court must make specific written findings of fact in the dispositional order which set forth with particularity which provisions of the service plan should not be followed and why.

201 W.Va. at 467–68, 498 S.E.2d at 40–41.

■ Although an evidentiary hearing was held in this case, the circuit court failed to make specific written findings of fact explaining why the petitioner should be placed at New Dominion.[7] Consequently, we find that the circuit court has committed a clear error of law in directing that the petitioner be placed in an out-of-state facility without making the requisite written findings of fact. We, therefore, grant the writ and prohibit the respondent, the Honorable Christopher Wilkes, Judge of the Circuit Court of Jefferson County, from enforcing his order of February 20, 1998. We also direct the re-

---

6. Mr. Bechtold indicated that Cammack had agreed to interview the petitioner and that it looked like she would be accepted. He further stated that Sugar Creek had also agreed to accept her.

7. The circuit court's dispositional order merely noted that "there are no suitable placement alternatives in the state."

spondent to take further action, forthwith, consistent with our decision in *Matin, supra.*

Writ granted.