509 S.E.2d 598

**STATE of West Virginia ex rel. UNITED STATES FIDELITY & GUARANTY COMPANY, Petitioner,**

v.

**Honorable Robert B. STONE, Judge of the Circuit Court of Monongalia County; Honorable A. Andrew MacQueen, III, Special Judge of the Circuit Court of Monongalia County; and Monongalia Mass II Plaintiffs Represented by Theodore Goldberg, Esq., and Scott S. Segal, Esq., Respondents.**

No. 25147.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 9, 1998.

Decided Dec. 7, 1998.

Boyd L. Warner, Esq., Waters, Warner & Harris, Clarksburg, West Virginia, Attorney for the Petitioner.

Theodore Goldberg, Esq., Goldberg, Persky, Jennings & White, Pittsburgh, Pennsylvania, Scott S. Segal, Esq., The Segal Law Firm, Charleston, West Virginia, Attorneys for Monongalia Mass II Plaintiffs.

PER CURIAM:

This case is before this Court upon a petition for writ of prohibition filed by the petitioner, United States Fidelity & Guaranty Company [hereinafter "USF & G"], against the respondents, the Honorable Robert B. Stone, Judge of the Circuit Court of Monongalia County, and the Honorable Andrew A. MacQueen, III, Special Judge of the Circuit Court of Monongalia County. USF & G seeks to prohibit the respondents from enforcing a February 17, 1998 order permitting the plaintiffs in the underlying asbestos action known as "Monongalia Mass II" to perfect service of process upon defendant Earl B. Beach Company [hereinafter "Beach"], by serving its insurer, USF & G. We issued a rule to show cause and now grant the writ

and remand this case for reconsideration by the circuit court.

## I.

The underlying case arose from personal injuries allegedly sustained by the respective plaintiffs through exposure to products containing asbestos which were allegedly manufactured, produced, sold, installed, or supplied by Beach and other defendants. Beach was incorporated in and maintained its principal place of business in the state of Pennsylvania until it was dissolved on July 2, 1987.

On August 20, 1997, the plaintiffs in the underlying case filed a petition to enter judgment against Beach and its insurers. However, Beach, as a defunct corporation, was never served in the asbestos action, nor had service been made on any of Beach's former officers and directors. A hearing was held on September 5, 1997 to consider the plaintiffs' petition. By order entered September 11, 1997, the circuit court granted the plaintiffs leave to serve the complaints upon Beach by making service upon its alleged insurance carrier, USF & G.

Thereafter, the plaintiffs attempted to perfect service upon Beach by serving USF & G via certified mail. On October 10, 1997, USF & G filed a Motion to Quash Service of Process upon Beach. A hearing was held regarding the motion on November 7, 1997. Subsequently, by order entered February 17, 1998, the circuit court denied the motion finding service of process upon USF & G, as an agent of Beach, was proper. USF & G then filed this petition for writ of prohibition.

## II.

■ Initially, we note that "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for [a petition for appeal] or certiorari." Syllabus Point 1, *Crawford v. Taylor,* 138 W.Va. 207,

75 S.E.2d 370 (1953). *See also* W.Va.Code § 53–1–1 (1923).

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syllabus Point 4, *State ex rel. Hoover v. Berger,* 199 W.Va. 12, 483 S.E.2d 12 (1996). With these general rules in mind, we now consider whether a writ of prohibition should be granted.

■ The issue presented is whether service of process upon a defunct corporation can be effectuated by serving its liability insurance carrier.[1] Recently, in *Robinson v. Cabell Huntington Hosp. Inc.,* 201 W.Va. 455, 498 S.E.2d 27 (1997), we addressed the propriety of serving a defendant through its insurer. *Robinson* was a medical malpractice action brought by a minor who allegedly sustained brain damage at birth. The action was filed against the estate of Dr. Carmelo L. Terlizzi. Dr. Terlizzi had delivered the plaintiff in 1977 while he was practicing medicine in West Virginia. He later moved to Florida where he died before the action was

---

1. If a corporation has been dissolved, "process may be served upon the same person who might have been served before dissolution." *Lynchburg*

*Colliery Co. v. Gauley & Eastern Railway Co.,* 92 W.Va. 144, 149, 114 S.E. 462, 464 (1922) (citation omitted).

filed. One of the issues raised in *Robinson* was whether the plaintiff could perfect service on Dr. Terlizzi's estate by serving his insurance carrier in West Virginia.

We determined in *Robinson* that in order for the liability insurer to receive service on behalf of the defendant doctor's estate, the liability insurer must have been authorized to do so pursuant to a statute or by agreement. We reached this conclusion based on provisions of Rule 4 of the West Virginia Rules of Civil Procedure pertaining to service of process on an individual when the individual cannot be personally served.[2] Ultimately, we determined that there was no evidence that Dr. Terlizzi's insurer had been authorized to receive service of process on his behalf. Therefore, the appellants were not permitted to serve the liability insurer in lieu of the estate.

Clearly, *Robinson* applies to the case *sub judice*.[3] Unfortunately, *Robinson* was decided after the circuit court denied USF & G's motion to quash. Therefore, we grant the writ of prohibition, but remand this case to the circuit court for further consideration in light of our decision in *Robinson*.[4]

Writ granted; remanded with directions.

Chief Justice DAVIS and Justice STARCHER, deeming themselves disqualified, did not participate in the decision in this case.

Judge BERGER and Judge KIRKPATRICK, sitting by special assignment.

Justice McGRAW did not participate in the decision of this case.

---

2. Rule 4(d)(1) provides that service of process shall be made on an individual:

> (A) by delivering a copy of the summons and of the complaint to him personally; or by delivering a copy of the summons and of the complaint at his dwelling house or usual place of abode to a member of his family above the age of sixteen (16) years and giving to such person information of the purport of the summons and complaint; or by delivering a copy of the summons and of the complaint to *an agent or attorney in fact authorized by appointment or statute to receive or accept service of process in his behalf*[.] (emphasis added).

3. Like Rule 4(d)(1)(A), Rule 4(d)(8) provides:

> Foreign corporations and business trusts not qualified to do business.—Upon a foreign cor-

poration, including a business trust, which has not qualified to do business in the State, (A) by delivering or mailing in accordance with paragraph (1) above a copy of the summons and of the complaint to any officer, director, trustee, or agent of such corporation; or (B) by delivering or mailing in accordance with paragraph (1) above copies thereof to *any agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf* (emphasis added).

4. We note that plaintiffs would not be prevented from attempting some other method of service of process such as service upon the Secretary of State, a designated agent, or any officer, director, trustee or agent of the corporation. *See* note 1, *supra*.