IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2013 Term

_____

No. 12-1124

_____

**FILED**

**February 7, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE of WEST VIRGINIA EX REL.
WEST VIRGINIA DEPARTMENT of HEALTH and HUMAN RESOURCES
Petitioner Below, Petitioner
and
E.P., K.P., L.P., III, and N.P.,
Infant Petitioners Below, Petitioners


v.


THE HONORABLE DAVID J. SIMS,
Judge of the Circuit Court of Ohio County,
Respondent,
and
S.P., and L.P., JR.
Respondents Below, Respondents

_____


PETITION FOR A WRIT OF PROHIBITION

WRIT DENIED


_____


Submitted: February 5, 2013
Filed: February 7, 2013


Karen E. Kahle, Esq.                   Patrick Morrisey
Guardian ad Litem                      Attorney General
Steptoe & Johnson, PLLC                Katherine M. Bond, Esq.
Wheeling, West Virginia                Assistant Attorney General
Counsel for the Infant Children        Counsel for the Petitioner DHHR

Clayton J. Fitzsimmons, Esq.
Fitzsimmons Law Offices
Wheeling, West Virginia
Counsel for the Respondent S.P.

Angelica Kokiko, Esq.
Assistant Public Defender
First Judicial Circuit Public Defender Corp.
Wheeling, West Virginia
Counsel for the Respondent L.P., Jr.

The Opinion of the Court was delivered PER CURIAM.

**SYLLABUS BY THE COURT**

1.      "Prohibition is available to abused and/or neglected children to restrain courts from granting improvement periods of a greater extent and duration than permitted under *West Virginia Code* §§ 49–6–2(b) and 49–6–5(c) (1995)."  Syllabus Point 2, *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 470 S.E.2d 205 (1996).

2.      "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.  However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety."  Syllabus Point 1, *In the Interest of: Tiffany Marie S*., 196 W.Va. 223, 470 S.E.2d 177 (1996).

Per curiam:

The West Virginia Department of Health and Human Services, Bureau for Children and Families ("DHHR"), and the Guardian ad Litem ("GAL") of four infant children, E.P., K.P., L.P., III, and N.P. ("infant children") jointly seek a writ of prohibition. They ask this Court to prohibit the enforcement of the circuit court's order granting each of the respondent parents, S.P., and L.P., Jr., a six month post-adjudication improvement period (collectively referred to as "improvement period").

In the petition the DHHR and GAL endeavor to convey a sense of "urgency" for this Court to rule on the requested writ. However, ninety-seven days passed between the date of the circuit court's order granting the improvement period and the date that the petition for a writ of prohibition was filed with this Court. Stated differently, the improvement period was more than half over before the writ was filed. No satisfactory explanation for this delay was offered by the petitioners.

Having fully considered the record, the petition for a writ of prohibition is denied.

1

## I. Factual Background

In the abuse and neglect action below the respondent parents filed stipulated admissions "that they had neglected their children by failing to maintain their home in a safe and sanitary condition, and by failing to provide their children with adequate supervision." The circuit court accepted the stipulations and adjudicated that the parents had neglected their children. The parents then moved for a post-adjudication improvement period, stating that with help and assistance they believed they could become better parents and eventually be reunited with their children.

The DHHR and GAL objected, arguing that the parents had been provided every service that the DHHR had to offer during a pre-adjudication improvement period and, despite those efforts, they remained unable to provide for the health, safety and well-being of their children. The DHHR and GAL indicated a preference for termination of parental rights and placement of the children for adoption.[1]

The circuit court held a hearing on the parents' motion. During the hearing the parents introduced evidence that they had successfully completed a substance abuse program after the neglect action was filed. The mother's substance abuse therapist testified that the

---

[1]The infant children were removed from the family home when the neglect and abuse petition was filed and placed with a foster family. The parents have had supervised and unsupervised visitation with the children during the pendency of the action.

2

mother not only complied with all that was required of her, but that she "went beyond what was required to successfully complete" the program. It was the therapist's opinion that the mother's "attitude and willingness . . . showed . . . that her probability of doing well, [were she] given that opportunity for some added time, [is] higher than average." The therapist described that the mother had been helped with self-esteem issues, which included making her aware that it was not a bad thing "to reach out to access some of the services that folks need[,] whether it's mental health issues or community service issues[.]" The therapist also testified that the mother "refused to allow individuals over to her home because they had alcohol," and that she was "very impressed with her ability to stand up to set boundaries and not allow folks who were under the influence, or had alcohol or other drugs on them into her home."

The Director of the substance abuse program testified on behalf of the father. This testimony related that the father had also completed a several-week-long substance abuse program. The Director testified that, at the beginning of the program, the father was resistant to the help being offered to him. However, "something finally clicked" and the father began taking advantage of the help being offered to him. On cross-examination by the GAL, the Director explained that while he could not assess the father's parenting abilities, the father had often discussed his children with him. In these discussions the father would

3

talk about not being able to see his children, and "how much he wanted to be a father to his children."

The DHHR and GAL sought to introduce evidence that formed the basis for the abuse and neglect action. They argued that this evidence was relevant to the issue of whether a post-adjudication improvement period should be granted. The circuit court refused to allow the testimony, concluding that the parents had already admitted that they were neglectful parents. The circuit court held that the issue was not whether the parents were neglectful (because by the parents' own admission they were neglectful). Instead, the issue was whether the parents should be given another chance to improve.

In addition, DHHR argued that the parents had not met their pre-adjudication improvement goals despite efforts to help them. The circuit court acknowledged that "[w]hat is in the past may be prologue" of what may occur should the court grant a post-adjudication improvement period. Nevertheless, the parents had "both carried out their burden to show, by clear and convincing evidence, they will fully participate in the improvement period" were the court to grant it. The circuit court further noted that the statutory scheme permitting post-adjudication improvement periods is not a superfluous bagatelle. Instead, this statutory scheme shows the Legislature's intent that a parent's failed effort at a pre-adjudication improvement period does not automatically foreclose further efforts at reunifying the family

4

by giving the parent even more help. The court may allow a post-adjudication improvement period as a final effort to try and save the nuclear family.

At the end of the May 30, 2012, hearing the circuit court orally granted the parents a six month post-adjudication improvement period, and ordered that a plan outlining the parents' goals and responsibilities be completed within thirty days. A written order was entered on June 19, 2012.

Improvement period plans, reflecting the findings of the multidisciplinary treatment team tasked to the parents case, were thereafter filed with the circuit court. These plans described "exactly what the [parents] needed to do to regain custody of the children," and set forth two broad goals that would need to be met: (1) "provide a clean, healthy, and safe living environment" for the children; and (2) "provide a level of parenting that ensures the health, safety and well-being" of the children.

On September 25, 2012, the DHHR and GAL filed with this Court a joint petition seeking a writ of prohibition to bar enforcement of the Circuit Court's June 19, 2012, order. In the petition, the DHHR and GAL argue that the circuit court erred by not allowing evidence of the parents' pre-adjudication neglect, and that the parents failed to meet the requisite legal standards for granting a post-adjudication improvement period.

By order dated November 20, 2012, this Court issued a rule to show cause as to why a writ of prohibition should not be granted.

## II.  Standard of Review

In Syllabus Point 1 of *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953), we made clear that a writ of "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari." *See also* Syllabus Point 2, *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 470 S.E.2d 205 (1996) ("Prohibition is available to abused and/or neglected children to restrain courts from granting improvement periods of a greater extent and duration than permitted under *West Virginia Code* §§ 49–6–2(b) and 49–6–5(c) (1995).").

In Syllabus Point 4 of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996), we set forth the standard of review for cases where it is alleged that the circuit court exceeded its legitimate powers:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is

clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

We also made clear that in reviewing the conclusions of law and findings of fact by a circuit court in abuse and neglect cases, we will not overturn a finding simply because we would have decided it differently, and will affirm the finding if it is plausible in light of the record viewed in its entirely. *See* Syllabus Point 1, *In the Interest of: Tiffany Marie S*., 196 W.Va. 223, 470 S.E.2d 177 (1996).

### III. Discussion

Post-adjudication improvement periods are permitted by *W.Va. Code §* 49-6-12(b) [2012] [Supp.2012].[2] In its June 19, 2012, order, the circuit court found that "granting

---

[2]*W.Va. Code* § 49-6-12(b) states as follows:
> (b) After finding that a child is an abused or neglected child pursuant to section two of this article, a court may grant a respondent an improvement period of a period not to exceed six months when:
> (1)  The respondent files a written motion requesting the improvement period;
> (2) The respondent demonstrates, by clear and convincing

(continued...)

Respondents' motion for a post-adjudicatory improvement period will not jeopardize the health, safety, and well-being" of the infant children, and that the parents had "demonstrated by clear and convincing evidence that they are likely to fully participate in a post-adjudicatory improvement period." The circuit court ordered that the parents be granted a six month improvement period, that a hearing to review the parents' progress be held as required by *W.Va. Code* § 49-6-12(b)(3),[3] that the DHHR submit an individualized family

[2](...continued)
> evidence, that the respondent is likely to fully participate in the improvement period and the court further makes a finding, on the record, of the terms of the improvement period;
> (3) In the order granting the improvement period, the court (A) orders that a hearing be held to review the matter within sixty days of the granting of the improvement period; or (B) orders that a hearing be held to review the matter within ninety days of the granting of the improvement period and that the department submit a report as to the respondent's progress in the improvement period within sixty days of the order granting the improvement period;
> (4) Since the initiation of the proceeding, the respondent has not previously been granted any improvement period or the respondent demonstrates that since the initial improvement period, the respondent has experienced a substantial change in circumstances. Further, the respondent shall demonstrate that due to that change in circumstances the respondent is likely to fully participate in a further improvement period; and
> (5) The order granting the improvement period requires the department to prepare and submit to the court an individualized family case plan in accordance with the provisions of section three, article six-d of this chapter.

[3]*See supra*, note 2.

case plan as required by *W.Va. Code* § 49-6D-3 [2012] [Supp.2012], and that legal and physical custody of the infant children remain with the DHHR.

It is clear that the circuit court had statutory authority to grant a post-adjudication improvement period to the parents. It is also clear that the circuit court properly considered the factors set forth in *W.Va. Code* § 49-6-12(b) when it approved the parents' motion for a post-adjudication improvement period. Therefore, the circuit court had jurisdiction under the statute to grant a post-adjudication improvement period. The more pertinent question is whether the circuit court, having jurisdiction, exceeded its legitimate powers. Syllabus Point 1, in part, *Crawford v. Taylor*, *supra*.

While the DHHR and GAL dispute the weight of the evidence introduced by the parents at the May 30, 2012, hearing, and contend that the circuit court erroneously found that the parents had met the required legal standards set forth in *W.Va. Code* § 49-6-12(b)(2), we do not find the circuit court's findings of fact and conclusions of law to be "clearly erroneous as a matter of law." Syllabus Point 4, in part, *State ex rel. Hoover v. Berger*, *supra*. In Syllabus Point 1 of *In the Interest of: Tiffany Marie S.*, *supra*, Justice Cleckley set forth our standard for determining whether a circuit court's ruling is "clearly erroneous as a matter of law":

> Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse

9

and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.*

(Emphasis added).

Reviewing the circuit court's June 19, 2012, order, and the hearing transcript of May 30, 2012, it is clear that the circuit court took evidence on the parents' motions for a post-adjudication improvement period, and entertained the objections to the motions by the DHHR and GAL. The DHHR and GAL contend that the circuit court erred by not permitting them to introduce additional evidence of the failed pre-adjudication improvement periods or the parents' neglect. We agree with the circuit court's conclusion that the proffered evidence was already known to the court—the parents admitted that they had been neglectful and were adjudicated as such following failed efforts to help them become better parents.

The circuit court indicated to the parties that it was not focusing on past events, but whether circumstances had changed showing that the parents would now fully participate

10

in a post-adjudication improvement period. The fact that the parents had been neglectful was not a fact in dispute. Neither was it in dispute that the DHHR had made prior efforts to assist the parents, and that those efforts had not been successful. The proffered value of the excluded testimony would not have been helpful to the circuit court in making its decision—the evidence was already known and part of the record.

In the case *sub judice* the circuit court was intimately familiar with the facts of the abuse and neglect case against the parents. That familiarity was likely to give the circuit court a feel for the case that is not readily apparent from the sterile record that is before this Court. This may include such subtleties as the demeanor of the parents—were they earnest in their requests? Was there an impression that they would really try this time? The circuit court took evidence, heard the parties' objections, and made findings and a ruling that it believed to be in the best interest of the infant children. These actions were within the circuit court's discretion and requirements of applicable law. It is not for this Court to reverse that decision simply because we may have decided the case differently. Syllabus Point 1, *In the Interest of: Tiffany Marie S.*, *supra.*

## IV. Conclusion

The petitioners have failed to demonstrate that the circuit court lacked jurisdiction to grant the parents a six month post-adjudication improvement period, or that

11

the circuit court exceeded its legitimate powers in granting the same. Accordingly, the petition for a writ of prohibition is denied.

Writ denied.